**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Berkley Risk Administrators Company, LLC, Rasmussen Agency, Inc., (d/b/a Berkley Risk Managers), All American Agency Facilities, Inc., and Federal Insurance Company, as assignee and subrogor,<br><br>                     Plaintiffs,<br><br>v.<br><br>Wells Fargo Bank, National Association,<br><br>                     Defendant. | Case File No. 06-2804 (PAM/JSM) |

---

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Plaintiffs Berkley Risk Administrators Company, LLC ("BRAC"), Rasmussen Agency, Inc. (d/b/a Berkley Risk Managers), All American Agency Facilities, Inc., and Federal Insurance Company ("Federal"), as and for their Complaint against Wells Fargo Bank, National Association ("Wells Fargo"), state and allege, as follows:

**THE PARTIES**

1. BRAC is a Minnesota limited liability company doing business in Minneapolis, Minnesota. BRAC is the successor in interest to Berkley Risk Services, Inc. BRAC was formerly known as Berkley Risk Services, LLC.

2. Rasmussen Agency, Inc. (d/b/a Berkley Risk Managers), is a New Jersey corporation.

3. All American Agency Facilities, Inc., is a Delaware corporation.

4. Federal is an Indiana corporation. Federal issued Executive Protection Policy Number 8102-2898 (the "Policy") to BRAC.

5. Pursuant to said Policy, Federal made payment to BRAC for the losses of BRAC, Rasmussen Agency, Inc. (d/b/a/ Berkley Risk Managers), and All American Agency Facilities, Inc., caused in whole or in part by the wrongful conduct set forth herein.

6. Federal is the assignee of the claims of BRAC against Defendant. Federal is also subrogated to BRAC's, Rasmussen Agency, Inc.'s (d/b/a Berkley Risk Managers), and All American Agency Facilities, Inc.'s rights and claims against Defendant arising from Defendant's wrongful conduct as alleged herein. Federal is the attorney-in-fact for BRAC with regard to all claims of BRAC alleged herein. Federal brings this action in its capacities as subrogor to the claims of BRAC, Rasmussen Agency, Inc. (d/b/a Berkley Risk Managers), and All American Agency Facilities, Inc. Federal also brings this action in its capacities as subrogor, assignee, and attorney-in-fact for BRAC.

7. Wells Fargo is a bank with its principal place of business in Sioux Falls, South Dakota.

## FACTUAL BACKGROUND

8. Steve J. Davis ("Davis") was employed by BRAC from 1988 through September 17, 2004.

9. Davis maintained one or more banking accounts at Wells Fargo or at its predecessors in interest. One of Davis's personal accounts at Wells Fargo was held in the name of JAML Investments, an account Davis owned or controlled.

10. Through agreements with Wells Fargo, BRAC, All American Agency Facilities, Inc., and Rasmussen Agency, Inc. (d/b/a Berkley Risk Managers), have maintained one or more banking accounts at Wells Fargo or its predecessor in interest.

11. Without authorization or authority from BRAC, Rasmussen Agency, Inc. (d/b/a Berkley Risk Managers), and All American Agency Facilities, Inc., Davis endorsed instruments issued to said Plaintiffs or their related entities or affiliates as payee, received by and belonging to said Plaintiffs, and deposited the instruments into his bank accounts at Wells Fargo. Davis also improperly and without authority endorsed instruments issued by BRAC, Rasmussen Agency, Inc. (d/b/a Berkley Risk Managers), and All American Agency Facilities, Inc., or their related entities or affiliates, to third parties and deposited the instruments into his bank accounts at Wells Fargo.

12. BRAC notified Wells Fargo of Davis's unauthorized endorsements, improper deposits, and Wells Fargo's improper payments from BRAC's Wells Fargo accounts.

13. Wells Fargo failed to exercise ordinary care, acted in bad faith and neglected to observe reasonable commercial standards by allowing and accepting for deposit into Davis's banking accounts the instruments described in the attached Exhibit A, which is incorporated herein by reference.

14. Wells Fargo failed to exercise ordinary care, acted in bad faith and neglected to observe reasonable commercial standards by wrongfully debiting BRAC's, Rasmussen Agency, Inc.'s (d/b/a Berkley Risk Managers), and All American Agency Facilities, Inc.'s, bank accounts for the instruments issued by said Plaintiffs, which were improperly deposited into Davis's personal accounts. Said instruments are also described in the attached Exhibit A, which is incorporated herein by reference.

15. Wells Fargo breached its agreement with BRAC by accepting for deposit and charging against its accounts checks endorsed by Davis and deposited into his bank accounts at Wells Fargo.

## COUNT I

CLAIM FOR CONVERSION UNDER ARTICLE 3 OF THE
MINNESOTA U.C.C. (Minn. Stat. § 336.3-101 *et seq.*)

16. Plaintiffs reallege paragraphs 1 - 15 hereinabove.

17. Acting as a depository bank, Wells Fargo allowed and accepted for deposit instruments into Davis's personal banking accounts, including his JAML Investments account, wherein Plaintiffs or one of their related entities or affiliates was listed as payee.

18. Wells Fargo took by transfer, or made or obtained payment on instruments for Davis, a person not entitled to or authorized by Plaintiffs or one of their related entitles to enforce the instruments or receive payment thereon.

19. Wells Fargo committed acts of conversion pursuant to the Article 3 of the Minnesota U.C.C., Minn. Stat. §§ 336.3-101 *et seq*, including Minn. Stat. § 3-420.

20. By virtue of the foregoing, and as a direct and proximate result of Wells Fargo's wrongful conduct, Plaintiffs are entitled to damages in excess of $50,000.

## COUNT II

CLAIM FOR RE-CREDIT OF PLAINTIFFS' BANKING ACCOUNTS UNDER ARTICLE 4
OF THE MINNESOTA U.C.C. (Minn. Stat. § 336.4-101 *et seq.*)

21. Plaintiffs reallege paragraphs 1 - 15 hereinabove.

22. Wells Fargo wrongfully debited Plaintiffs' accounts for instruments issued by Plaintiffs to third parties that were improperly endorsed by Davis and deposited into his personal banking accounts at Wells Fargo.

23. These instruments were debited in violation of Plaintiffs' agreement with Wells Fargo and were not properly payable.

24. Wells Fargo's conduct violated Article 4 of the Minnesota U.C.C. Minn. Stat. §§ 336.4-101 *et seq*, including section Minn. Stat. § 4-401.

25. By virtue of the foregoing, and as a direct and proximate result of Wells Fargo's wrongful conduct, Plaintiffs are entitled damages in the form of a re-credit of its accounts in an amount in excess of $50,000.

## COUNT III

CLAIM FOR BREACH OF CONTRACT UNDER ARTICLE 4 OF THE MINNESOTA U.C.C. (Minn. Stat. § 336.4-101 *et seq*.)

26. Plaintiffs reallege paragraphs 1 - 15 hereinabove.

27. For good and valuable consideration, Plaintiffs and Wells Fargo entered into a contract whereby Wells Fargo agreed to debited Plaintiffs' accounts only for those instruments that were properly payable and in accordance with Plaintiffs' orders.

28. By wrongfully debiting Plaintiffs' accounts for instruments not properly payable, as described herein, Wells Fargo breached its agreement with Plaintiffs in violation of Article 4 of the Minnesota U.C.C., Minn. Stat. §§ 336.4-101 *et seq*.

29. By virtue of the foregoing, and as a direct and proximate result of Wells Fargo's wrongful conduct, Plaintiffs are entitled to damages in an amount in excess of $50,000.

## COUNT IV

BREACH OF CONTRACT – MINNESOTA COMMON LAW

30. Plaintiffs reallege paragraphs 1 - 15 hereinabove.

31. For good and valuable consideration, Plaintiffs and Wells Fargo entered into a contract whereby Wells Fargo agreed to debited Plaintiffs' accounts only for those instruments that were properly payable and in accordance with Plaintiffs' orders.

32. Wells Fargo wrongfully debited Plaintiffs' accounts for instruments issued by Plaintiffs to third parties that were improperly endorsed by Davis and deposited into his personal banking accounts at Wells Fargo.

33. These instruments were debited in violation of Plaintiffs' agreement with Wells Fargo and were not properly payable.

34. By so acting, Wells Fargo breached its contract with Plaintiffs.

35. By virtue of the foregoing, and as a direct and proximate result of Wells Fargo's wrongful conduct, Plaintiffs are entitled to damages in an amount in excess of $50,000.

## COUNT V

### CLAIM FOR CONVERSION – MINNESOTA COMMON LAW

36. Plaintiffs reallege paragraphs 1 - 15 hereinabove.

37. Acting as a depository bank, Wells Fargo allowed and accepted for deposit instruments into Davis's personal banking accounts, including his JAML Investments account, wherein Plaintiffs or one of their related entities or affiliates was listed as payee.

38. Wells Fargo took by transfer, or made or obtained payment on instruments for Davis, a person not entitled to or authorized by Plaintiffs or one of their related entities or affiliates to enforce the instruments or receive payment thereon.

39. In so acting, Wells Fargo unlawfully converted the instruments of Plaintiffs.

40. By virtue of the foregoing, and as a direct and proximate result of Wells Fargo's wrongful conduct, Plaintiffs are entitled to damages in an amount in excess of $50,000.

## COUNT VI

### CLAIM FOR CHECKS PAYABLE FOR FICTITIOUS PAYEE

41. Plaintiffs reallege paragraphs 1 - 15 hereinabove.

42. Wells Fargo allowed and accepted for deposit into Davis' personal banking account, including his JAML investment account, instruments made payable to fictitious payees.

43. Wells Fargo took by transfer or made payment on instruments made payable to fictitious payees, for Davis, a person not entitled or authorized by Plaintiffs or one of their related entities to enforce the instruments or receive payments thereon.

44. Wells Fargo's acceptance for deposit, making and obtaining payment, and debiting Plaintiffs' accounts for instruments made payable to fictitious payees violated Minn. Stat. §§ 336.3-101 et seq. and 336.4-101, et seq., including Minn. Stat. § 336.3-404. Further, these instruments were debited in violation of Plaintiffs' agreement with Wells Fargo and were not properly payable. By virtue of the foregoing, and as a direct and proximate result of Wells Fargo's wrongful conduct, Plaintiffs are entitled to damages in the amount in excess of $50,000.00.

## COUNT VII

### CLAIM FOR FAILURE TO USE ORDINARY CARE

45. Plaintiffs reallege paragraphs 1 - 15 hereinabove.

46. Plaintiffs allege that with regard to the transactions and checks at issue, and the debits made, deposits accepted and payments made by Wells Fargo, Wells Fargo failed to use ordinary care as is required by Minn. Stat. §§ 336.3-101 et seq. and 336.4-101, et seq., including Minn. Stat. §§ 336.3-404, 3-405, and 3-406. By virtue of the foregoing, and as a direct and proximate result of Wells Fargo's wrongful conduct, Plaintiffs are entitled to damages in the amount in excess of $50,000.00.

## PRAYER FOR RELIEF:

WHEREFORE, Plaintiffs pray for the following relief:

1. A money judgment against Wells Fargo in an amount in excess of $50,000, plus interest accruing thereon accruing through the date of judgment;

2.	An order requiring Wells Fargo to re-credit Plaintiffs' accounts in an amount in excess of $50,000, plus interest accruing thereon through the date of judgment;

3.	An award of attorneys' fees, costs and for such other relief as the Court may deem just and equitable.

Date: February 16, 2007	FELHABER, LARSON, FENLON & VOGT, P.A.


By   s/ David L. Hashmall
    David L. Hashmall, (#138162)
    Brian T. Benkstein (#325545)
    Donald G. Heeman (#286023)
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402-4504
Telephone:  612-339-6321
Facsimile:   612-338-0535

**ATTORNEYS FOR PLAINTIFFS**