## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Berkley Risk Administrators Company, LLC, Rasmussen Agency, Inc., (d/b/a Berkley Risk Managers), All American Agency Facilities, Inc., and Federal Insurance Company, as assignee and subrogor,

Case File No. 06-2804 (PAM/JSM

Plaintiffs,

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

v.

Wells Fargo Bank, National Association,

Defendant.

## I.     INTRODUCTION

Pursuant to Rules 33, 34, and 37(a) of the Federal Rules of Civil Procedure, Plaintiffs move this Court for an Order compelling Defendant Wells Fargo Bank, National Association ("WFB") to fully and completely respond to Plaintiffs' First Set of Interrogatories (Interrogatories Nos. 4, 5, 10, 12, and 14); Plaintiffs' First Set of Requests for Production of Documents (Requests Nos. 5, 6, 7, and 15); and Plaintiffs' Second Set of Interrogatories and Document Requests.  Based on the facts summarized below, the Court should grant this Motion in its entirety.

## II.     CERTIFICATION

Pursuant to L.R. 37.1, the undersigned hereby certifies that Plaintiffs' counsel has attempted in good faith to confer and resolve this matter without court action.

### III.   STATEMENT OF FACTS

On June 13, 2006, Plaintiffs commenced this action against WFB for breach of contract, conversion, and negligence based on WFB's acceptance for deposit of checks embezzled from Plaintiff Berkley Risk Administrators Company, LLC by its Chief Financial Officer, Steven J. Davis.  *Complaint; First Amended Complaint*.  On February 14, 2007, Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents.  *Ryan A. Olson Affidavit ("Olson Aff."), ¶¶* 2, 3; Exs. A and B.  On February 23, 2007, Plaintiffs served their Second Set of Interrogatories and Request for Production of Document Requests on WFB.  *Id.*; Ex. C.  Pursuant to an agreement between the parties, WFB served its Responses to the above discovery on April 13, 2007.  *See Id. at* ¶ 3; Exs. D, E, F.

On May 3, 2007, Plaintiffs' counsel wrote a letter to WFB's counsel outlining why WFB's responses to Plaintiffs' discovery were insufficient.  *Olson Aff.* Ex. G.  Although the parties exchanged further correspondence, *Id.*, at Exs. H, I, WFB failed to agree to fully and completely respond to the interrogatories and document requests.  This Motion followed.

### IV.   ARGUMENT

The Federal Rules of Civil Procedure set forth the scope and limits of discovery that can be conducted in a civil action.  As the Court is aware, the scope of discovery permitted under the Rules is quite broad.  Fed. R. Civ. P. 26(b) (2006).   Indeed, this Court recently confirmed the liberal nature of civil litigation discovery, noting that discovery rules "impose a more liberalized procedure for pretrial discovery where 'every

party to a civil action is entitled to disclosure of all relevant information in the possession of any person, unless the information is privileged.' " *3M Innovative Properties Co. v. Tomar Electronics,* Civ. No. 05-756 (MJD/AJB), 2006 WL 2670038 at *3 (D. Minn. Sept. 18, 2006) (granting motion to impose sanction for discovery abuses) (*quoting* 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2001 (2d ed. 1994) (*Olson Aff.,* Ex. J)).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.  *Gladfelter v. Wal-Mart Stores, Inc.,* 162 F.R.D. 589, 590 (D.Neb. 1995) (*citing Rolscreen Co. v. Pella Products of St. Louis, Inc., 145 F.R.D. 92, 94 (S.D.Iowa 1992).* The information sought "need not be admissible at the trial."  Fed. R. Civ. P. 26(b)(1) (2006).  It need only be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Notably, "it is no longer open to debate that discovery rules should be given a broad, liberal interpretation." *Edgar v. Finley,* 312 F.2d  533, 535 (8th Cir. 1963) (*citing Hickman v. Taylor,* 329 U.S. 495, 507 (1947)).  The discovery rules are "broadly and liberally construed" in order to serve the purpose of discovery, which is to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement. *Credit Lyonnais, S.A. v. SGC Intern., Inc.*, 160 F.3d 428, 430 (8th Cir. 1998).

**A.    WFB    MUST    FULLY    AND    COMPLETELY    ANSWER INTERROGATORY NO. 4.**

Interrogatory No. 4, and WFB's response to said Interrogatory is as follows:

**INTERROGATORY NO. 4.   Identify all persons, whether parties or non-parties, whom you believe have any information or knowledge, or claim to have the same, of any facts or matters relating to the allegations or defenses made in any of the pleadings, and describe in detail the information possessed by each individual.**

**RESPONSE:**   Wells Fargo objects to Interrogatory No. 4 because it is vague, overly broad unduly burdensome, and is in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving its objections, Wells Fargo answers further as follows.   Wells Fargo has not yet identified the individuals who may have information concerning the pleadings in the lawsuit.   Wells Fargo believes it is possible that Steven J. Davis and representatives of plaintiffs may have such knowledge.   Discovery and investigations are continuing, and Wells Fargo reserves the right to identify at a later time persons who have knowledge about facts relevant to this action.

*Olson Aff.,* Exs. A, D.  Rather than engage in a reasonable inquiry as to which WFB employees have knowledge of any facts relating to the allegations or defenses raised in the pleadings, WFB responded by simply saying it has not yet identified the individuals who have information concerning the pleadings in the lawsuit.  Such a response ignores the time limitations period set forth in Fed. R. Civ. P. 33, and its obligations to provide an adequate response.  Accordingly, the Court should compel WFB to fully and completely answer Interrogatory No. 4.

**B.     WFB     MUST     FULLY     AND     COMPLETELY     ANSWER INTERROGATORY NO. 5.**

Interrogatory No. 5, and WFB's response to said Interrogatory is as follows:

**INTERROGATORY NO. 5.   Describe in detail all of Defendant's policies and procedures concerning or relating to the deposit, payment, negotiation or other handling of forged, altered or unauthorized checks or instruments**.

**RESPONSE:** Wells Fargo objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, argumentative, in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for the disclosure of confidential commercial information. Subject to and without waiving its objections, Wells Fargo answers further as follows. Subject to the protective order between the parties and pursuant to Fed. R. Civ. P. 33(d), Wells Fargo will produce relevant, non-privileged, non-work-product documents in its possession sufficient to respond to this interrogatory, if any such exist.

*Id*. To the extent that WFB responded to this Interrogatory by producing documents and claiming privilege with respect to some of those documents, WFB needs to provide a privilege log. Although WFB's counsel has indicated that he is unaware of any documents that have been withheld on account of privilege, the proper question is whether any documents have been withheld, including, for example, by in-house counsel or other personnel at WFB. While WFB's response is unclear, it is unlikely that the only responsive document is a seven-page document entitled "Loss Prevention Module 5 DEPOSITS Participant Guide," ("Deposits Guide") WF 01818-25.

Furthermore, to the extent that an answer to Interrogatory No. 5 has been withheld based upon WFB's relevancy objection, the answer must be produced. WFB's relevancy objection violates WFB's duty to disclose information that may lead to the discovery of

admissible evidence.[1]   Accordingly, the Court should compel WFB to fully and completely answer Interrogatory No. 5.

### C.   WFB MUST FULLY AND COMPLETELY ANSWER INTERROGATORY NO. 10.

Interrogatory No. 10, and WFB's response to said Interrogatory is as follows:

**INTERROGATORY NO. 10.  Identify each employee or agent (by job title) that reviewed the checks and/or endorsements of the checks identified in Exhibit A to the First Amended Complaint.**

**RESPONSE:**  Wells Fargo objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, multiple, argumentative, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Wells Fargo states further as follows.  Wells Fargo has not yet identified, and may not be able to identify, any person who has reviewed the checks and/or endorsements of the checks identified in Exhibit A to the First Amended Complaint.

*Id.*  Plaintiffs are entitled to know the identity of individuals who reviewed the checks at issue in this matter.   The identity of those persons is important because Plaintiffs will need to depose them to determine what they did when they received the deposits, if they were trained and, if so, the extent and content of their training.

Notably, WFB should be able to determine which Branch the deposits were made at by looking at the information printed on the deposit slips and/or checks.  Accordingly, the Court should compel WFB to fully and completely answer Interrogatory No. 10.

### D.   WFB MUST FULLY AND COMPLETELY ANSWER INTERROGATORY NO. 12.

Interrogatory No. 12, and WFB's response to said Interrogatory is as follows:

---

[1] This point also applies to the other interrogatories and document requests at issue in this motion.

**INTERROGATORY NO. 12.   Identify all documents relating to the training of employees regarding the review of checks or instruments submitted for deposit and/or the review of endorsements.**

**RESPONSE:**   Wells Fargo objects to Interrogatory No.12 because it is vague, overly broad, unduly burdensome, multiple, argumentative, in whole or in part not relevant and not reasonably calculated to led to the discovery of admissible evidence, and calls for the disclosure of confidential commercial information.   Subject to and without waiving its objections, Wells Fargo answers further as follows.   Subject to the protective order between the parties and Fed. R. Civ. P. 33(d), Wells Fargo will produce relevant, non-privileged, non-work-product documents in its possession sufficient to respond to this interrogatory, if any such exist.

*Id.* WFB only produced the Deposits Guide in response to Interrogatory No. 12. In a letter, dated May 11, 2007, WFB stated that it is "in the process of determining whether additional possible documents from earlier time periods are still in existence." *Id.*, at Ex. H. WFB had a duty to produce responsive documents within the period allowed for its response. The requested documents are directly related to Plaintiff's claims and are needed for Plaintiff's preparation of this case. Accordingly, the Court should compel WFB to produce all responsive documents consistent with the time period in the proposed Order.

**E.     WFB MUST FULLY AND COMPLETELY ANSWER INTERROGATORY NO. 14.**

Interrogatory No. 14, and WFB's response to said Interrogatory is as follows:

**INTERROGATORY NO. 14.   Describe in detail each step taken by Defendant's agents or employees to determine whether the checks identified in Exhibit A to the First Amended Complaint could properly be deposited into the JAML Investment account or any other JAML account.**

**RESPONSE:**   Wells Fargo objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, multiple, argumentative, and not

relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Wells Fargo states further as follows.  See the documents produced in answer to Plaintiffs' interrogatories herein.

*Id.*  Although Interrogatory 14 requests WFB to describe each step taken by its agents or employees to determine whether the deposited checks could be deposited into Mr. Davis' investment account, WFB asserts that the Deposits Guide is responsive and sufficient. Although the Deposits Guide is evidence of what WFB's agents or employees should have done, it does not describe in detail each step taken by its employees or agents to determine whether or not the checks at issue in this case could properly be deposited into Mr. Davis' investment account (*i.e.*, JAML Investment Account).  Thus, WFB's answer is inadequate.  Accordingly, the Court should compel WFB to fully and completely answer Interrogatory No. 14.

### F.   WFB MUST FULLY AND COMPLETELY RESPOND TO REQUEST NO. 5.

Request No. 5, and WFB's response to said Request is as follows:

**REQUEST NO. 5.   With respect to deposits into the accounts of Plaintiffs, produce complete copies (front and back) of all deposit tickets/slips and related checks deposited into Plaintiffs' bank account(s) with Defendant between July 1996 and September 2004.**

**RESPONSE:**  Wells Fargo objects to Request No. 5 because it is vague, overly broad, unduly burdensome and expensive, cumulative, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Wells Fargo states further as follows.  Wells Fargo will produce the requested documents concerning the checks identified in Exhibit A to the First Amended Complaint in its possession for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

*Id.*   WFB's limitation in its response to "the checks identified in Exhibit A to the First Amended Complaint" is improper.   The request is not limited to the checks set forth in Exhibit A of the First Amended Complaint.   Complete copies (front and back) of all deposit tickets/slips and related checks deposited into Plaintiffs' bank accounts with WFB will demonstrate how Plaintiffs endorsed checks made payable to Plaintiffs for deposit with WFB, and that the checks in Exhibit A of the First Amended Complaint were abnormally endorsed.   Such evidence is not only reasonably calculated to lead to the discovery of admissible evidence, but is relevant to Plaintiffs' claims.   Accordingly, the Court should compel WFB to fully and completely respond to Request No. 5.[2]

### G.   WFB MUST FULLY AND COMPLETELY RESPOND TO REQUEST NO. 6.

Request No. 6, and WFB's response to said Request is as follows:

**REQUEST NO. 6.   Produce all training materials, guidelines, policies or other instructions given to Defendant's employees that relate to the review and consideration of endorsements or signatures on checks or instruments.**

**RESPONSE:**   Wells Fargo objects to Request No. 6 because it is vague, overly broad, unduly burdensome, is in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for confidential commercial information.   Subject to the protective order entered by the Court, Wells Fargo will produce any relevant, non-privileged, non-work product, responsive documents in its possession for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

*Id.*   WFB's objection that the Request is burdensome and not relevant is erroneous and improper.   Plaintiffs are simply asking for all training materials, guidelines, policies or

---

[2] Furthermore, this request is not unduly burdensome or expensive.   Plaintiffs should not be required to pay WFB for said documents.

other instructions given to its employees that relate to the review and consideration of endorsements or signatures on checks or instruments.  Such information is relevant to Plaintiffs' claims, which contend that WFB failed to properly review the endorsements on the stolen checks.

Furthermore given the importance of the requested materials, WFB's response that it is "in the process of determining whether additional possible documents from earlier time periods are still in existence," is not acceptable and is evidence of its failure to timely provide an adequate response.  Accordingly, the Court should compel WFB to fully and completely respond to Request No. 6.

### H.   WFB MUST FULLY AND COMPLETELY RESPOND TO REQUEST NO. 7.

Request No. 7, and WFB's response to said Request is as follows:

**REQUEST NO. 7 Produce all documents (including guidelines, policies and procedures) relating to the recrediting of accounts for the payment by Defendant of forged, stolen, or unauthorized checks or instruments.**

**RESPONSE:**  Wells Fargo objects to Request No. 7 because it is vague, overly broad, unduly burdensome, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for confidential commercial information.  Subject to and without waiving its objections, Wells Fargo responds further as follows:  Subject to the protective order entered by the Court, Wells Fargo will produce any relevant, non-privileged, non-work product, responsive documents in its possession for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

*Id.*  Documents relating to the recrediting of accounts for the payment by WFB of forged, stolen, or unauthorized checks or instruments is relevant to Plaintiffs' claims.  Mr. Davis produced and WFB collected stolen or embezzled checks from Plaintiffs and deposited

them into Mr. Davis' investment account. Nonetheless, WFB has refused to credit Plaintiffs' accounts for the payment of the stolen or unauthorized checks or instruments. The requested documents speak directly to WFB's policies and procedures or practice regarding how it views or resolves such matters, and, therefore, are discoverable. Accordingly, the Court should compel WFB to fully and completely respond to Request No. 7.

## I.  WFB MUST FULLY AND COMPLETELY RESPOND TO REQUEST NO. 15.

Request No. 15, and WFB's response to said Request is as follows:

**REQUEST NO. 15.  Produce all documents (including but not limited to correspondence of the Banking Resolutions and account agreements), relating to Plaintiffs' accounts with Defendants and all accounts maintained by JAML or Steve J. Davis with Defendant.**

**RESPONSE:**  Wells Fargo objects to Request No. 15 because it is vague, overly broad, unduly burdensome, and expensive, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects to Request No. 15 because the Request fails to identify the accounts of Plaintiffs, JAML, or Steven J. Davis with particularity sufficient to enable Wells Fargo to identify, or know that it has identified, all such accounts and/or documents.  Subject to and without waiving its objections, Wells Fargo responds further as follows.  Subject to the protective order entered by the Court, Wells Fargo will produce the relevant account agreements, banking resolutions, and statements concerning the checks identified in Exhibit A to the First Amended Complaint, and copies of such checks, that Wells Fargo finds with good-faith efforts, in its possession for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

*Id.*  WFB's response is improperly limited to documents relating to the checks identified in Exhibit A to the First Amended Complaint.  Plaintiffs' request asks for all documents relating to Plaintiffs' accounts with WFB and all accounts maintained by JAML or Mr.

Davis.  Such information is reasonably calculated to lead to the discovery of admissible evidence as it will demonstrate ownership, authority with respect to the accounts, and the obligations between the parties with respect to the accounts.  Accordingly, the Court should compel WFB to fully and completely respond to Request No. 15.

### J.    WFB MUST FULLY AND COMPLETELY ANSWER INTERROGATORY NO. 26.

Interrogatory No. 26, and WFB's response to said Interrogatory is as follows:

**INTERROGATORY NO. 26.  Identify each check or instrument with any unauthorized, invalid, forged, or improper signature or endorsement, or other irregularity, that Defendant collected, paid, or processed between July 1, 1996 and August 30, 2004, with regard to which Defendant made any account adjustment, credit, payment, or refund in favor of to, or on behalf of its customer, account holder, or any other person, and for each such check or instrument, identify the action taken and the reason for said action by Defendant.**

**RESPONSE:**  Wells Fargo objects to Interrogatory No. 26 because it is vague, overly broad, unduly burdensome, expensive, argumentative, impossible to answer, not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for confidential commercial information.

*Id.,* Ex. C.  The information sought in this Interrogatory is reasonably calculated to lead to the discovery of admissible evidence as it demonstrates WFB's process for handling the collection or payment of unauthorized, embezzled or stolen checks.  The Interrogatory is specific (not vague), and it is not overbroad as it asks for specific information during a relevant time period.

Also, in addition to the other baseless objections, the "confidential commercial information" objection has no merit as all of the documents are protected by a protective

order.  Accordingly, the Court should compel WFB to fully and completely answer Interrogatory No. 26.

### K.  WFB MUST FULLY AND COMPLETELY RESPOND TO REQUEST NO. 17.

Request No. 17, and WFB's response to said Request is as follows:

**REQUEST NO. 17.  Produce all documents that relate to the checks, instruments, account adjustments, credits, payments, refunds and actions identified in response to Interrogatory No. 26.**

**RESPONSE:**  Wells Fargo objects to Request No. 17 because it is vague, overly broad, unduly burdensome, expensive, argumentative, impossible to accomplish, not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for confidential commercial information.

*Id.*  Request No. 17 requests the documents identified in Interrogatory 26.  For the reasons stated above, the documents requested in Request 17 are reasonably calculated to lead to the discovery of admissible evidence and must be produced.  Accordingly, the Court should compel WFB to fully and completely respond to Request No. 17.

### V.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this Motion in its entirety and require WFB to provide full and complete responses to the above discovery within <u>ten</u> calendar days from the issuance of the Court's Order.

Date:  May 21, 2007                    FELHABER, LARSON, FENLON & VOGT, P.A.


                                       By:    s/ Ryan A. Olson
                                              David L. Hashmall, (#138162)
                                              Ryan A. Olson, (#340935)
                                       220 South Sixth Street, Suite 2200
                                       Minneapolis, Minnesota 55402-4504
                                       Telephone:  612-339-6321
                                       Facsimile:   612-338-0535

                                       **ATTORNEYS FOR PLAINTIFFS**