# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Berkley Risk Administrators Company, LLC, Rasmussen Agency, Inc., (d/b/a Berkley Risk Managers), All American Agency Facilities, Inc., and Federal Insurance Company, as assignee and subrogor, | Case File No. 06-2804 (PAM/JSM) |

Plaintiffs,

v.

Wells Fargo Bank, National Association,

Defendant.

---

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT WELLS FARGO BANK

---

TO:  Defendant above-named and its Attorneys, Richard T. Thomson, Esq., and Amy L. Schwartz, Esq., Lapp, Libra, Thomson, Oebner & Pusch, Chartered, One Financial Plaza, 120 South Sixth Street, Suite 2500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Berkley Risk Administrators Company, LLC, Rasmussen Agency, Inc., (d/b/a Berkley Risk Managers), All American Agency Facilities, Inc., and Federal Insurance Company, as assignee and subrogor, request that Defendant Wells Fargo Bank, National Association answer the following written Interrogatories separately and fully in writing under oath and serve a copy of the Answers upon the undersigned counsel within thirty (30) days of service hereof.

These Interrogatories shall be deemed continuing to the extent provided by the Federal Rules of Civil Procedure, so as to require supplemental answers if you obtain further information after serving your Answers. Your Answers must be based upon your

MPLS-Word 155155.1

EXHIBIT

A

knowledge, the knowledge of your attorneys, agents, or any person or organization which has acquired knowledge on your behalf. Where you cannot give an exact answer, give your best estimate.

## DEFINITIONS/GUIDELINES

1.    "You," "Your" and Defendant shall mean or refer to Defendant Wells Fargo Bank and its agents, attorneys, or any other person or persons acting or purporting to act on her behalf.

2.    "Person" refers to and includes natural persons, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, trusts, estates, governments (and agencies thereof), quasi-public entities and other forms of legal entities.

3.    "Documents" shall have the broadest meaning which can be ascribed to it pursuant to the Federal Rules of Civil Procedure, including the final form and all drafts and revisions of any kind of written, printed, typed, electronically stored, electronically transmitted, recorded, or graphic matter of any kind or nature, including all copies thereof by whatever means made which are different in any way from the original, regardless of whether designated "confidential," "privileged," or otherwise restricted. If any document was, but is no longer, in your possession, custody or subject to your control, state what disposition was made of it.

4.    Without limiting the generality of the foregoing, the term "document" also includes information stored or maintained in computerized or electronic form, or which could be reproduced from microfilm, computer, or other print-out or similar means. If any document requested below has been destroyed or otherwise, you are requested to identify the document destroyed or discarded in the same manner as if the document were

still in existence.  If any privilege is claimed with respect to any document, identify the document, the nature of the privilege claimed, and state the facts upon which you rely in claiming such privilege.

5.     "Identity" or "identify" when used in reference to a natural person, requires that the following information be provided as to such person:

(a)     the full name and present or last known address of such person;

(b)     the present or last known position and business affiliation of such person.

6.     "Identity" or "identify" when used in reference to a document means to state:

(a)     the general character of the documents (e.g., letter, financial report, memorandum, etc. or some other means of describing it);

(b)     the present location and the person or persons having custody or control over it;

(c)     the date on the document or, if undated, the date upon which it was written or otherwise created;

(d)     the identity of the person who authorized or otherwise created or generated it.

7.     Relate(s) to," "related to" or "relating to" means to refer to, reflect, concern, pertain to or in any manner be connected with the matter discussed.

8.     The singular form of a word shall also refer to the plural, and words used in the masculine, feminine or neuter gender shall refer to and include all genders.

9.     "And" includes the disjunctive "or"; "or" includes the conjunctive "and".

## INTERROGATORIES

**INTERROGATORY NO. 1.**     Identify each and every person who provided information, was consulted, or participated in the preparation of the answers to these Interrogatories; specify the particular answer(s) for which each such person was

consulted, furnished information, or participated in preparing; and identify which documents were reviewed, read, or consulted by that person in providing information for or participating and preparing the answers to these Interrogatories

**INTERROGATORY NO. 2.**      Identify the name, address and telephone number of each person Defendant may call as a witness at trial and provide a summary of the witnesses' testimony.

**INTERROGATORY NO. 3.**      Identify each person who you have consulted with or who may be called as an expert witness at the trial in this matter, and for each such person make all of the disclosures required by Fed. R. Civ. P. 26.

**INTERROGATORY NO. 4.**      Identify all persons, whether parties or non-parties, whom you believe have any information or knowledge, or claim to have the same, of any facts or matters relating to the allegations or defenses made in any of the pleadings, and describe in detail the information possessed by each individual.

**INTERROGATORY NO. 5.**      Describe in detail all of Defendant's policies and procedures concerning or relating to the deposit, payment, negotiation or other handling of forged, altered or unauthorized checks or instruments.

**INTERROGATORY NO. 6.**      Describe in detail all Defendant's policies and procedures relating to the detection of forged, altered or unauthorized check or instruments.

**INTERROGATORY NO. 7.**      Identify all policies relating to the Defendant's review, determination or consideration of whether signatures or endorsements are unauthorized, forged or otherwise improper.

**INTERROGATORY NO. 8.**     Identify all instructions or guidelines given to tellers or other bank employees and all bank policies regarding the consideration, inspection, or review of endorsements or signatures on checks or instruments.

**INTERROGATORY NO. 9.**     Identify any and all actions required to be taken by tellers or other bank employees regarding the acceptance of items for deposit, or the payment of items by the bank.

**INTERROGATORY NO. 10.**     Identify each employee or agent (by job title) that reviewed the checks and/or endorsements of the checks identified in Exhibit A to the First Amended Complaint.

**INTERROGATORY NO. 11.**     State in detail the policies and/or procedures by which Defendant determines whether it will accept a check or instrument for deposit.

**INTERROGATORY NO. 12.**     Identify all documents relating to the training of employees regarding the review of checks or instruments submitted for deposit and/or the review of endorsements.

**INTERROGATORY NO. 13.**     Describe in detail Defendant's policies and/or procedures relating to the processing of a check for deposit, collection, or payment.

**INTERROGATORY NO. 14.**     Describe in detail each step taken by Defendant's agents or employees to determine whether the checks identified in Exhibit A to the First Amended Complaint could properly be deposited into the JAML Investment account or any other JAML account.

**INTERROGATORY NO. 15.**   Describe in detail Defendant's policies and/or procedures relating to the deposit of checks into an account not of the payee(s) on said checks.

**INTERROGATORY NO. 16.**   Set forth the material facts that that support or relate to Defendant's Second Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No. 4) and identify all documents that relate to such fact.

**INTERROGATORY NO. 17.**   Set forth all material facts that support or relate to Defendant's Third Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No. 4) and identify all documents that relate to such fact.

**INTERROGATORY NO. 18.**   Set forth all material facts that support or relate to Defendant's Fourth Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No. 4) and identify all documents that relate to such fact.

**INTERROGATORY NO. 19.**   Set forth all material facts that support or relate to Defendant's Fifth Defense alleged in its Answer, and, for each such fact, identify identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No. 4) and identify all documents that relate to such fact.

**INTERROGATORY NO. 20.**     Set forth all material facts that support or relate to Defendant's Sixth Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No. 4) and identify all documents that relate to such fact.

**INTERROGATORY NO. 21.**     Set forth all material facts that support or relate to Defendant's Seventh Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No. 4) and identify all documents that relate to such fact.

**INTERROGATORY NO. 22.**     Set forth all material facts that support or relate to Defendant's Eighth Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No. 4) and identify all documents that relate to such fact.

**INTERROGATORY NO. 23.**     Set forth all material facts that support or relate to Defendant's Ninth Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No. 4) and identify all documents that relate to such fact.

**INTERROGATORY NO. 24.**     Set forth all material facts that support or relate to Defendant's Tenth Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact

(not otherwise identified in Defendant's Answer to Interrogatory No. 4) and identify all documents that relate to such fact.

**INTERROGATORY NO. 25.**   Set forth all material facts that support or relate to Defendant's Thirteenth Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No. 4) and identify all documents that relate to such fact.

Date: February _14_ , 2007         FELHABER, LARSON, FENLON & VOGT, P.A.

By _____

    David L. Hashmall, (#138162)
    Ryan A. Olson, (#0340935)
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402-4504
Telephone:  612-339-6321
Facsimile:  612-338-0535

**ATTORNEYS FOR PLAINTIFFS**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Berkley Risk Administrators Company, LLC, Rasmussen Agency, Inc., (d/b/a Berkley Risk Managers), All American Agency Facilities, Inc., and Federal Insurance Company, as assignee and subrogor, | Case File No. 06-2804 (PAM/JSM) |

Plaintiffs,

v.

Wells Fargo Bank, National Association,

Defendant.

---

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WELLS FARGO BANK

---

TO:   Defendant above-named and its Attorneys, Richard T. Thomson, Esq., and Amy L. Schwartz, Esq., Lapp, Libra, Thomson, Oebner & Pusch, Chartered, One Financial Plaza, 120 South Sixth Street, Suite 2500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Berkley Risk Administrators Company, LLC, Rasmussen Agency, Inc., (d/b/a Berkley Risk Managers), All American Agency Facilities, Inc., and Federal Insurance Company, as assignee and subrogor, request that, within thirty (30) days of service hereof, Defendant Wells Fargo Bank, National Association produce and permit Plaintiffs to examine and copy the documents listed below. This demand is deemed to be continuing to the extent provided by the Federal Rules of Civil Procedure. Should you obtain any other documents and things which would add or change the documents supplied, then pursuant to the Federal Rules of Civil Procedure, you are directed to give timely notice of such



EXHIBIT

information and to furnish such additional documents to Plaintiffs and their attorneys without delay.

The following instructions are to be considered applicable to all requests for documents contained herein and supplement the "Definitions/Guidelines" section contained in Plaintiffs' First Set of Interrogatories to Defendant Wells Fargo Bank.

## INSTRUCTIONS

1.      If any document is withheld from production under a claim of privilege or other exemption from discovery, state the title and nature of the document, and furnish a list signed by the attorney of record giving the following information with respect to each document withheld:

    (a)    the name and title of the author and/or sender and the name and title of the recipient;

    (b)    the date of the document origination;

    (c)    the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

    (d)    the name and position, if any, of each person to whom the contents of the documents have heretofore been communicated by copy, exhibition, reading or substantial summarization;

    (e)    a statement of the specific basis on which privilege is claimed and whether or not the subject matter of the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

    (f)    the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in subparagraphs above.

2.      These discovery requests are not intended to be duplicative.  All requests should be responded to fully and to the extent not covered by other requests.  If there are documents that are responsive to more than one request, then please so note and produce

each such document first in response to the request that is more specifically directed to the subject matter of the particular document.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1.** Produce all documents identified, relied upon, referred to, or otherwise relating to your Answers to the Interrogatories in Plaintiffs' First Set of Interrogatories to Defendant Wells Fargo Bank.

**REQUEST NO. 2.** Produce the signature cards for any account of Plaintiffs with Defendant between July 1996 and August 2004.

**REQUEST NO. 3.** Produce the signature card(s) for any accounts (e.g. account nos. 3489835813 and 240-3317072) of JAML or Steve J. Davis with Defendant.

**REQUEST NO. 4.** Produce all documents (including, but not limited to, correspondence) relating to accounts of JAML or Steve J. Davis with Defendant.

**REQUEST NO. 5.** With respect to deposits into the accounts of Plaintiffs, produce complete copies (front and back) of all deposit tickets/slips and related checks deposited into Plaintiffs' bank account(s) with Defendant between July 1996 and September 2004.

**REQUEST NO. 6.** Produce all training materials, guidelines, policies or other instructions given to Defendant's employees that relate to the review and consideration of endorsements or signatures on checks or instruments.

**REQUEST NO. 7.** Produce all documents (including guidelines, policies and procedures) relating to the recrediting of accounts for the payment by Defendant of forged, stolen, or unauthorized checks or instruments.

**REQUEST NO. 8.**    Produce all documents concerning Defendant's policies and/or procedures relating to the handling and/or detection of forged, altered or unauthorized checks or instruments.

**REQUEST NO. 9.**    Produce all documents that constitute, explain, describe or in any other way relate to, pertain to, or support any of the allegations in Plaintiff's Complaint or Defendant's affirmative defenses.

**REQUEST NO. 10.**    Produce all written statements or reports generated by an expert witness of any kind.

**REQUEST NO. 11.**    Produce all documents you provided to any expert witness and any reports, drafts, or other documents prepared by the expert(s) you retain in this case.

**REQUEST NO. 12.**    Produce all documents relating to the checks identified in Exhibit A to the First Amended Complaint.

**REQUEST NO. 13.**    Produce all documents identified in Defendants' initial disclosures.

**REQUEST NO. 14.**    Produce a complete copy (front and back) of all records and paper work relating to the deposits of the checks identified in Exhibit A of the First Amended Complaint into the JAML account(s), including a copy of all deposit tickets/slips, a copy of each instrument, and any and all other paper work or records relating to the deposits.

**REQUEST NO. 15.**    Produce all documents (including but not limited to correspondence of the Banking Resolutions and account agreements), relating to

Plaintiffs' accounts with Defendants and all accounts maintained by JAML or Steve J. Davis with Defendant.

**REQUEST NO. 16.**   Produce all memoranda, correspondence, files and records relating to Plaintiffs' claims and Defendant's defenses in this case.

Date: February *14*, 2007                FELHABER, LARSON, FENLON & VOGT, P.A.

                                          By
                                               David L. Hashmall (#138162)
                                               Ryan A. Olson (#0340935)
                                          220 South Sixth Street, Suite 2200
                                          Minneapolis, Minnesota 55402-4504
                                          Telephone:  612-339-6321
                                          Facsimile:  612-338-0535

                                          **ATTORNEYS FOR PLAINTIFFS**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Berkley Risk Administrators Company, LLC, Rasmussen Agency, Inc., (d/b/a Berkley Risk Managers), All American Agency Facilities, Inc., and Federal Insurance Company, as assignee and subrogor,

                  Plaintiffs,

v.

Wells Fargo Bank, National Association,

                  Defendant.

Case File No. 06-2804 (PAM/JSM)

---

## PLAINTIFFS' SECOND SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO DEFENDANT WELLS FARGO BANK

---

TO:    Defendant above-named and its Attorneys, Richard T. Thomson, Esq., and Amy L. Schwartz, Esq., Lapp, Libra, Thomson, Oebner & Pusch, Chartered, One Financial Plaza, 120 South Sixth Street, Suite 2500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Berkley Risk Administrators Company, LLC, Rasmussen Agency, Inc., (d/b/a Berkley Risk Managers), All American Agency Facilities, Inc., and Federal Insurance Company, as assignee and subrogor, request that Defendant Wells Fargo Bank, National Association answer or respond to the following Interrogatory and Document Request in a manner consistent with the Federal Rules of Civil Procedure and serve a copy of the Answer and Request upon the undersigned counsel within thirty (30) days of service hereof.

This Interrogatory and Document Request shall be deemed continuing to the extent provided by the Federal Rules of Civil Procedure, so as to require supplemental



EXHIBIT

tabbies

_C_

answers if you obtain further information after serving your Answers or Responses. Your Answers or Responses must be based upon your knowledge, the knowledge of your attorneys, agents, or any person or organization which has acquired knowledge on your behalf. Where you cannot give an exact answer, give your best estimate.

The "Definitions/Guidelines" set forth in Plaintiffs' First Set of Interrogatories to Defendant Wells Fargo Bank are incorporated herein by reference.

## **INTERROGATORY**

**INTERROGATORY NO. 26.**     Identify each check or instrument with any unauthorized, invalid, forged, or improper signature or endorsement, or other irregularity, that Defendant collected, paid, or processed between July 1, 1996 and August 30, 2004, with regard to which Defendant made any account adjustment, credit, payment, or refund in favor of to, or on behalf of its customer, account holder, or any other person, and for each such check or instrument, identify the action taken and the reason for said action by Defendant.

## **DOCUMENT REQUEST**

**REQUEST NO. 17:** Produce all documents that relate to the checks, instruments, account adjustments, credits, payments, refunds and actions identified in response to Interrogatory No. 26.

Date: February 23, 2007

FELHABER, LARSON, FENLON & VOGT, P.A.

By
David L. Hashmall, (#138162)
Ryan A. Olson, (#0340935)
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402-4504
Telephone: 612-339-6321
Facsimile: 612-338-0535

**ATTORNEYS FOR PLAINTIFFS**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of February, 2007, I caused the following documents:

1.     Plaintiffs' Second Set of Interrogatories and Document Requests to Defendant Wells Fargo Bank;

2.     Certificate of Service.

to be served on the following person(s), by messenger:

Richard T. Thomson, Esq.
Lapp, Libra, Thomson, Stoebner &
     Pusch, Chartered
One Financial Plaza
120 South Sixth Street, Suite 2500
Minneapolis, MN  55402

Dated: February 23, 2007

Stephanie J. Barkosky

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Berkley Risk Administrators Company, LLC,
Rasmussen Agency, Inc., (d/b/a Berkley Risk
Managers), All American Agency Facilities, Inc.,
and Federal Insurance Company, as assignee and
subrogor,

                **Plaintiffs,**

vs.

Wells Fargo Bank, National Association,

                **Defendant.**

Civ. No. 06-2804 (PAM/JSM)

**DEFENDANT WELLS FARGO BANK'S
ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF
INTERROGATORIES**

**TO:   PLAINTIFFS BERKLEY RISK ADMINISTRATORS COMPANY, LLC,
RASMUSSEN AGENCY, INC., (d/b/a BERKLEY RISK MANAGERS), ALL
AMERICAN AGENCY FACILITIES, INC., AND FEDERAL INSURANCE
COMPANY AND THEIR ATTORNEYS DAVID L. HASHMALL, BRIAN T.
BENKSTEIN, DONALD G. HEEMAN AND FELHABER, LARSON, FENLON &
VOGT, P.A., 220 SOUTH SIXTH STREET, SUITE 2200, MINNEAPOLIS, MN
55402.**

For its answers and objections to Plaintiff's First Set of Interrogatories, Defendant Wells

Fargo Bank, National Association ("Wells Fargo") states as follows.

## OBJECTIONS TO DEFINITIONS

Defendant Wells Fargo objects to Plaintiffs' Definition number 1 on the grounds that

such definition is overly broad and unduly burdensome, and because such definition would

require Defendant Wells Fargo to produce information and documents that are in the control of

parties over whom Defendant Wells Fargo has no control.

Defendant Wells Fargo objects to Plaintiff's Definition number 4 on the grounds that

such definition is vague, overly broad and unduly burdensome, and because such definition



would require Defendant Wells Fargo to identify unknown information.

## SPECIFIC ANSWERS AND OBJECTIONS

### INTERROGATORY NO. 1:

Identify each and every person who provided information, was consulted, or participated in the preparation of the answers to these Interrogatories; specify the particular answer(s) for which each such person was consulted, furnished information, or participated in preparing; and identify which documents were reviewed, read, or consulted by that person in providing information for or participating and preparing the answers to these Interrogatories.

### ANSWER:

No person provided information from which these answers were compiled. Rather, the answers were compiled from documents that have been produced or offered for production to Plaintiffs. Richard T. Thomson and Amy L. Schwartz, attorneys for Wells Fargo, drafted the answers and objections to these interrogatories. Discovery and investigation are continuing, and Wells Fargo reserves the right to identify at a later time persons who have knowledge about the facts relevant to this action.

### INTERROGATORY NO. 2:

Identify the name, address and telephone number of each person Defendant may call as a witness at trial and provide a summary of the witnesses' testimony.

### ANSWER AND OBJECTIONS:

Wells Fargo objects to Interrogatory No. 2 because it calls for information protected by the work-product rule and Fed. R. Civ. P. 26(b)(3) and is contrary to the scheduling order of the Court. Subject to and without waiving its objections, Wells Fargo answers further as follows. Wells Fargo has not yet identified any witnesses it may call at the trial on this matter. Wells

2

Fargo will follow the scheduling order of this Court in identifying the witnesses it plans to call at the trial of this matter.

## INTERROGATORY NO. 3:

Identify each person who you have consulted with or who may be called as an expert witness at the trial in this matter, and for each such person make all of the disclosures required by Fed. R. Civ. P. 26.

## ANSWER AND OBJECTIONS:

Wells Fargo objects to Interrogatory No. 3 because it calls for information protected by the work-product rule and Fed. R. Civ. P. 26(b)(3), calls for information beyond the scope allowed by Fed. R. Civ. P. 26(b)(4), and is contrary to the scheduling order of the Court. Subject to and without waiving its objections, Wells Fargo answers further as follows. Wells Fargo has not yet identified any persons it may call as expert witnesses at the trial in this matter. Wells Fargo will follow the scheduling order of this Court in identifying any expert witnesses it plans to call at any trial of this matter.

## INTERROGATORY NO. 4:

Identify all persons, whether parties or non- parties, whom you believe have any information or knowledge, or claim to have the same, of any facts or matters relating to the allegations or defenses made in any of the pleadings, and describe in detail the information possessed by each individual.

## ANSWER AND OBJECTIONS:

Wells Fargo objects to Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and is in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Wells Fargo

answers further as follows. Wells Fargo has not yet identified the individuals who may have information concerning the pleadings in the lawsuit. Wells Fargo believes it is possible that Steven J. Davis and representatives of Plaintiffs may have such knowledge. Discovery and investigation are continuing, and Wells Fargo reserves the right to identify at a later time persons who have knowledge about facts relevant to this action.

**INTERROGATORY NO. 5:**

Describe in detail all of Defendant's policies and procedures concerning or relating to the deposit, payment, negotiation or other handling of forged, altered or unauthorized checks or instruments.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, argumentative, in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for the disclosure of confidential commercial information. Subject to and without waiving its objections, Wells Fargo answers further as follows. Subject to the protective order between the parties and pursuant to Fed. R. Civ. P. 33(d), Wells Fargo will produce relevant, non-privileged, non-work-product documents in its possession sufficient to respond to this interrogatory, if any such exist.

**INTERROGATORY NO. 6:**

Describe in detail all Defendant's policies and procedures relating to the detection of forged, altered or unauthorized check or instruments.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, argumentative, in whole or in part not relevant and not reasonably calculated to

lead to the discovery of admissible evidence, and calls for the disclosure of confidential commercial information. Subject to and without waiving its objections, Wells Fargo answers further as follows. Subject to the protective order between the parties and pursuant to Fed. R. Civ. P. 33(d), Wells Fargo will produce relevant, non-privileged, non-work-product documents in its possession sufficient to respond to this interrogatory, if any such exist.

**INTERROGATORY NO. 7:**

Identify all policies relating to the Defendant's review, determination or consideration of whether signatures or endorsements are unauthorized, forged or otherwise improper.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, argumentative, in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for the disclosure of confidential commercial information. Subject to and without waiving its objections, Wells Fargo answers further as follows. Subject to the protective order between the parties and Fed. R. Civ. P. 33(d), Wells Fargo will produce all relevant, non-privileged, non-work-product documents in its possession sufficient to respond to this interrogatory, if any such exist.

**INTERROGATORY NO. 8:**

Identify all instructions or guidelines given to tellers or other bank employees and all bank policies regarding the consideration, inspection, or review of endorsements or signatures on checks or instruments.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, multiple, argumentative, in whole or in part not relevant and not reasonably

calculated to lead to the discovery of admissible evidence, and calls for the disclosure of confidential commercial information. Subject to and without waiving its objections, Wells Fargo answers further as follows. Subject to the protective order between the parties and Fed. R. Civ. P. 33(d), Wells Fargo will produce relevant, non-privileged, non-work-product documents in its possession sufficient to respond to this interrogatory, if any such exist.

**INTERROGATORY NO. 9:**

Identify any and all actions required to be taken by tellers or other bank employees regarding the acceptance of items for deposit, or the payment of items by the bank.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, multiple, in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for the disclosure of confidential commercial information. Subject to and without waiving its objections, Wells Fargo answers further as follows. Subject to the protective order between the parties and Fed. R. Civ. P. 33(d), Wells Fargo will produce relevant, non-privileged, non-work-product documents in its possession sufficient to respond to this interrogatory, if any such exist.

**INTERROGATORY NO. 10:**

Identify each employee or agent (by job title) that reviewed the checks and/or endorsements of the checks identified in Exhibit A to the First Amended Complaint.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, multiple, argumentative, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Wells Fargo

states further as follows. Wells Fargo has not yet identified, and may not be able to identify, any person who has reviewed the checks and/or endorsements of the checks identified in Exhibit A to the First Amended Complaint.

**INTERROGATORY NO. 11:**

State in detail the policies and/or procedures by which Defendant determines whether it will accept a check or instrument for deposit.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, multiple, in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for the disclosure of confidential commercial information. Subject to and without waiving its objections, Wells Fargo answers further as follows. Subject to the protective order between the parties and Fed. R. Civ. P. 33(d), Wells Fargo will produce relevant, non-privileged, non-work-product documents in its possession sufficient to respond to this interrogatory, if any such exist.

**INTERROGATORY NO. 12:**

Identify all documents relating to the training of employees regarding the review of checks or instruments submitted for deposit and/or the review of endorsements.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, multiple, argumentative, in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for the disclosure of confidential commercial information. Subject to and without waiving its objections, Wells Fargo answers further as follows. Subject to the protective order between the parties and Fed. R. Civ.

P. 33(d), Wells Fargo will produce relevant, non-privileged, non-work-product documents in its possession sufficient to respond to this interrogatory, if any such exist.

**INTERROGATORY NO. 13:**

Describe in detail Defendant's policies and/or procedures relating to the processing of a check for deposit, collection, or payment.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, multiple, in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for the disclosure of confidential commercial information. Subject to and without waiving its objections, Wells Fargo answers further as follows. Subject to the protective order between the parties and Fed. R. Civ. P. 33(d), Wells Fargo will produce relevant, non-privileged, non-work-product documents in its possession sufficient to respond to this interrogatory, if any such exist.

**INTERROGATORY NO. 14:**

Describe in detail each step taken by Defendant's agents or employees to determine whether the checks identified in Exhibit A to the First Amended Complaint could properly be deposited into the JAML Investment account or any other JAML account.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, multiple, argumentative, and not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Wells Fargo states further as follows. See the documents produced in answer to Plaintiffs' interrogatories herein.

**INTERROGATORY NO. 15:**

Describe in detail Defendant's policies and/or procedures relating to the deposit of checks into an account not of the payee(s) on said checks.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 15 because it is vague, ambiguous, overly broad, unduly burdensome, multiple, and not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Wells Fargo states further as follows. Subject to the protective order between the parties and Fed. R. Civ. P. 33(d), Wells Fargo will produce relevant, non-privileged, non-work-product documents in its possession sufficient to respond to this interrogatory, if any such exist.

**INTERROGATORY NO. 16:**

Set forth the material facts that that support or relate to Defendant's Second Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No.4) and identify all documents that relate to such fact.

**ANSWER AND OBJECTIONS:**

Plaintiffs' allegations reveal that some or all of Plaintiffs' purported claims are barred in whole or in part by the applicable statutes of limitation and the account agreements. Further answering Interrogatory No. 16, Wells Fargo incorporates by reference its responses to Interrogatories Nos. 17 through 25.

**INTERROGATORY NO. 17:**

Set forth all material facts that support or relate to Defendant's Third Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have

9

knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No.4) and identify all documents that relate to such fact.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 17 because it is vague, overly broad, unduly burdensome, calls for a legal conclusion, and may call for information protected by attorney-client privilege and/or the work-product rule and Fed. R. Civ. P. 26(b)(3). Subject to and without waiving its objections, Wells Fargo states further as follows. Some or all of Plaintiffs' claims are barred in whole or in part because the claims were brought after the applicable statutes of limitations had expired. These claims include, but may not be limited to, any and all claims to the extent such claims involve any of the following checks: 20001034, 19301, 20951, 21435, 3785, 4630, 5182, 25500, 26422, 6396, 6449, 28492, 29363, 6895, 30225, 7337, 7662, 33472, 33474, 34389, 34837, 5338, 1001, 1023, 26856, 1051, 4331, 9000296, 9000311, 9000338, 6800, 90000364, 90000373, 1090, 9000385, 6960, 9000399, 9000429, 7161, 50000010, 50000028, 50000030, 50000051, 50000041, 107870, 50000091. Investigation and discovery are continuing.

**INTERROGATORY NO. 18:**

Set forth all material facts that support or relate to Defendant's Fourth Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No.4) and identify all documents that relate to such fact.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 18 because it is vague, overly broad, unduly burdensome, calls for a legal conclusion, and may call for information protected by attorney-client privilege and/or the work-product rule and Fed. R. Civ. P. 26(b)(3). Subject to and

without waiving its objections, Wells Fargo states further as follows.  Some or all of Plaintiffs'

claims are barred in whole or in part by the terms and conditions set forth in the Customer

Account Agreements between the parties.  These claims include, but may not be limited to, any

and all claims to the extent such claims involve any of the following checks:  19301, 20951,

21435, 3785, 4630, 5182, 25500, 26422, 6396, 6449, 28492, 29363, 6895, 30225, 7337, 7662,

33472, 33474, 34389, 34837, 106699, 114215 and a WT.   Investigation and discovery are

continuing.

**INTERROGATORY NO. 19:**

Set forth all material facts that support or relate to Defendant's Fifth Defense alleged in

its Answer, and, for each such fact, identify all persons who you believe have or may have

knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory

No.4) and identify all documents that relate to such fact.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 19 because it is vague, overly broad, unduly

burdensome, calls for a legal conclusion, and calls for information protected by attorney-client

privilege and/or the work-product rule and Fed. R. Civ. P. 26(b)(3).  Subject to and without

waiving its foregoing objections, Wells Fargo states further as follows.  Some or all of Plaintiffs'

claims are governed by Minn. Stat. §336.4-406.  Some or all of Plaintiffs' claims are barred

because Plaintiffs have not met the conditions set forth in Minn. Stat. §336.4-406.  These claims

include, but may not be limited to, any and all claims to the extent such claims involve any of the

following checks:  19301, 20951, 21435, 3785, 4630, 5182, 25500, 26422, 6396, 6449, 28492,

29363, 6895, 30225, 7337, 7662, 33472, 33474, 34389, 34837, 106699, 114215 and a WT.

Investigation and discovery are continuing.

**INTERROGATORY NO. 20:**

Set forth all material facts that support or relate to Defendant's Sixth Defense alleged in its Answer, and, for each such fact, identify all persons who you· believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No.4) and identify all documents that relate to such fact.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 20 because it is vague, overly broad, unduly burdensome, calls for a legal conclusion, and calls for information protected by attorney-client privilege and/or the work-product rule and Fed. R. Civ. P. 26(b)(3). Subject to and without waiving its objections, Wells Fargo states further as follows. Plaintiffs' claims concerning altered instruments or allegedly forged signatures are governed by Minn. Stat. §336.3-406. Such claims are barred in whole or in part because Plaintiffs failed to exercise ordinary care, which failure substantially contributed to an alteration of an instrument or the making of a forged signature. Investigation and discovery are continuing, but at present it appears that Plaintiffs failed to exercise ordinary care in supervising Steven J. Davis, in handling, monitoring, and auditing their accounts, and in other matters. There is no evidence of bad faith on the part of Wells Fargo. Further, there is no evidence that Wells Fargo failed to exercise ordinary care. Persons with knowledge may include Davis and officers, employees, agents, and contractors of Plaintiffs.

**INTERROGATORY NO. 21:**

Set forth all material facts that support or relate to Defendant's Seventh Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory

No.4) and identify all documents that relate to such fact.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 21 because it is vague, overly broad, unduly burdensome, calls for a legal conclusion, and calls for information protected by attorney-client privilege and/or the work-product rule and Fed. R. Civ. P. 26(b)(3). Subject to and without waiving its objections, Wells Fargo states further as follows. Plaintiffs' claims may be barred in whole or in part because Plaintiffs were, at a minimum, contributorily negligent and because Plaintiffs' comparative fault is equal to or exceeds any fault attributable to Wells Fargo. Wells Fargo incorporates and adopts by reference its Answer to Interrogatory No. 20.

**INTERROGATORY NO. 22:**

Set forth all material facts that support or relate to Defendant's Eighth Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No.4) and identify all documents that relate to such fact.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 22 because it is vague, overly broad, unduly burdensome, calls for a legal conclusion, and may call for information protected by attorney-client privilege and/or the work-product rule and Fed. R. Civ. P. 26(b)(3). Subject to and without waiving its objections, Wells Fargo states further as follows. Some or all of Plaintiffs' purported claims are barred in whole or in part by Minn. Stat. §336.3-405. For each of the instruments at issue, Wells Fargo either paid or took it for value or for collection. Davis was an employee of one or more Plaintiffs, entrusted with responsibility with respect to the instrument and personally or in concert with another made a fraudulent endorsement. Persons with

knowledge may include Davis and officers, employees, agents, and contractors of Plaintiffs.

Investigation and discovery are continuing.

**INTERROGATORY NO. 23:**

Set forth all material facts that support or relate to Defendant's Ninth Defense alleged in

its Answer, and, for each such fact, identify all persons who you believe have or may have

knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory

No.4) and identify all documents that relate to such fact.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 23 because it is vague, overly broad, unduly

burdensome, calls for a legal conclusion, and calls for information protected by attorney-client

privilege and/or the work-product rule and Fed. R. Civ. P. 26(b)(3). Subject to and without

waiving its objections, Wells Fargo states further as follows. Some or all of Plaintiffs' claims are

barred because Plaintiffs allowed the purportedly wrongful conduct at issue in this case. Further,

Wells Fargo incorporates and adopts by reference its Answers to Interrogatories 18, 19, 20, 21,

22, 24 and 25.

**INTERROGATORY NO. 24:**

Set forth all material facts that support or relate to Defendant's Tenth Defense alleged in

its Answer, and, for each such fact, identify all persons who you believe have or may have

knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory

No.4) and identify all documents that relate to such fact.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 24 because it is vague, overly broad, unduly

burdensome, calls for a legal conclusion, and calls for information protected by attorney-client

privilege and/or the work-product rule and Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving its objections, Wells Fargo states further as follows.  Some or all of Plaintiffs' claims are barred because Plaintiffs provided the alleged wrongdoer with actual, implied, or apparent authority to act on behalf of Plaintiffs.  It appears that the alleged wrongdoer had signature power from one or more Plaintiffs and authority to sign and handle instruments.

**INTERROGATORY NO. 25:**

Set forth all material facts that support or relate to Defendant's Thirteenth Defense alleged in its Answer, and, for each such fact, identify all persons who you believe have or may have knowledge relating to such fact (not otherwise identified in Defendant's Answer to Interrogatory No.4) and identify all documents that relate to such fact.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 25 because it is vague, overly broad, unduly burdensome, calls for a legal conclusion, and calls for information protected by attorney-client privilege and/or the work-product rule and Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving its objections, Wells Fargo states further as follows.  Investigation and discovery are continuing, but it appears that Plaintiffs' claims concerning one or more of the instruments at issue are barred by Minn. Stat. § 336.3-404.  Wells Fargo in good faith paid or took such instrument(s) for value or for collection.

Kelly Vegoe, being first duly sworn upon oath, deposes and says that she is the

Wholesale Banking Relationship Support Manager of Wells Fargo Bank, National Association

and that the foregoing answers to interrogatories are true and correct to the best of her present

knowledge, information, and/or belief, subject to inadvertent error and/or omission, facts later

recollected, found, or learned, and subsequent investigation and discovery.


_____

Kelly Vegoe

Subscribed and sworn to before
me this ___ day of _____, 2007.


_____

Notary Public


As to Objections:

LAPP, LIBRA, THOMSON, STOEBNER &
PUSCH, CHARTERED


Dated:  April 13, 2007

By _____
Richard T. Thomson (#109538)
Amy L. Schwartz (#0339350)
One Financial Plaza
Suite 2500
120 South Sixth Street
Minneapolis, MN  55402
612/ 338-5815

Attorneys for Defendant Wells Fargo Bank,
N.A.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Berkley Risk Administrators Company, LLC, Rasmussen Agency, Inc., (d/b/a Berkley Risk Managers), All American Agency Facilities, Inc., and Federal Insurance Company, as assignee and subrogor,<br><br>Plaintiffs,<br><br>vs.<br><br>Wells Fargo Bank, National Association,<br><br>Defendant. | Civ. No. 06-2804 (PAM/JSM)<br><br><br>**DEFENDANT WELLS FARGO BANK'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**TO:    PLAINTIFFS BERKLEY RISK ADMINISTRATORS COMPANY, LLC, RASMUSSEN AGENCY, INC., (d/b/a BERKLEY RISK MANAGERS), ALL AMERICAN AGENCY FACILITIES, INC., AND FEDERAL INSURANCE COMPANY AND THEIR ATTORNEYS DAVID L. HASHMALL, BRIAN T. BENKSTEIN, DONALD G. HEEMAN AND FELHABER, LARSON, FENLON & VOGT, P.A., 220 SOUTH SIXTH STREET, SUITE 2200, MINNEAPOLIS, MN 55402.**

For its response to Plaintiffs' First Set of Requests for Production of Documents,

Defendant Wells Fargo Bank, National Association ("Wells Fargo") states as follows.

Wells Fargo's statement in response to any document request that Wells Fargo will

produce documents does not mean, and should not be construed to mean, that there are or ever

were any requested documents, or that Wells Fargo has or ever had any requested documents in

its possession, custody, or control.  Similarly, the fact of Wells Fargo's objection or objections to

any document request does not mean, and should not be construed to mean, that there are or ever

were any requested documents, or that Wells Fargo has or ever had any requested documents in

its possession, custody, or control.  Wells Fargo's responses to Plaintiffs' document requests are



made at a time when Wells Fargo does not absolutely know whether there are or ever were any requested documents, or whether Wells Fargo has or ever had any requested documents in its possession, custody, or control. Wells Fargo's responses state Wells Fargo's objections to Plaintiffs' document requests and also state the extent, if any, to which Wells Fargo will permit inspection and related activities concerning requested documents, if any, that may be found to be in Wells Fargo's possession, custody, or control.

Wells Fargo further states that investigation and discovery are continuing in this matter. Further investigation and discovery may lead to the finding of documents the existence of which is currently unknown and unsuspected. The existence of such documents may require the revision of the following responses, and Wells Fargo reserves its right to revise the following responses accordingly. Wells Fargo also reserves its right to revise the following responses to correct inadvertent error or omission.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

Produce all documents identified, relied upon, referred to, or otherwise relating to your Answers to the Interrogatories in Plaintiffs' First Set of Interrogatories to Defendant Wells Fargo Bank.

**RESPONSE:**

Wells Fargo will produce the documents referred to in its Answers and Objections to Plaintiffs' First Set of Interrogatories for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

**REQUEST NO. 2:**

Produce the signature cards for any account of Plaintiffs with Defendant between July

1996 and August 2004.

**RESPONSE:**

Wells Fargo objects to Request No. 2 because it is vague, overly broad, unduly burdensome, cumulative, in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is available in Plaintiffs' own records which is a more convenient, less burdensome, and less expensive source than through the above-listed request. Subject to and without waiving its objections, Wells Fargo responds further as follows. Wells Fargo will produce the requested documents in its possession for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

**REQUEST NO. 3:**

Produce the signature card(s) for any accounts (e.g. account nos. 3489835813 and 240-3317072) of JAML or Steve J. Davis with Defendant.

**RESPONSE:**

Wells Fargo objects to Request No. 3 because it is vague, overly broad, unduly burdensome, cumulative, in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for confidential commercial information. Subject to and without waiving its objections, Wells Fargo responds further as follows. Subject to the protective order entered by the Court, Wells Fargo will produce the requested documents in its possession for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

**REQUEST NO. 4:**

Produce all documents (including, but not limited to, correspondence) relating to accounts of JAML or Steve J. Davis with Defendant.

3

**RESPONSE:**

Wells Fargo objects to Request No. 4 because it is vague, overly broad, unduly burdensome, and expensive, in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for confidential commercial information. Wells Fargo further objects to Request No. 4 because the Request fails to identify the accounts of JAML or Steven J. Davis with particularity sufficient to enable Wells Fargo to identify, or know that it has identified, all such accounts and/or documents. Subject to and without waiving its objections, Wells Fargo responds further as follows. Subject to the protective order entered by the Court, Wells Fargo will produce any relevant, non-privileged, non-work product, responsive documents that it finds with good-faith efforts in its possession for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

**REQUEST NO. 5:**

With respect to deposits into the accounts of Plaintiffs, produce complete copies (front and back) of all deposit tickets/slips and related checks deposited into Plaintiffs' bank account(s) with Defendant between July 1996 and September 2004.

**RESPONSE:**

Wells Fargo objects to Request No. 5 because it is vague, overly broad, unduly burdensome and expensive, cumulative, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Wells Fargo states further as follows. Wells Fargo will produce the requested documents concerning the checks identified in Exhibit A to the First Amended Complaint in its possession for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

4

**REQUEST NO. 6:**

Produce all training materials, guidelines, policies or other instructions given to Defendant's employees that relate to the review and consideration of endorsements or signatures on checks or instruments.

**RESPONSE:**

Wells Fargo objects to Request No. 6 because it is vague, overly broad, unduly burdensome, is in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for confidential commercial information. Subject to and without waiving its objections, Wells Fargo responds further as follows. Subject to the protective order entered by the Court, Wells Fargo will produce any relevant, non-privileged, non-work product, responsive documents in its possession for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

**REQUEST NO. 7:**

Produce all documents (including guidelines, policies and procedures) relating to the recrediting of accounts for the payment by Defendant of forged, stolen, or unauthorized checks or instruments.

**RESPONSE:**

Wells Fargo objects to Request No. 7 because it is vague, overly broad, unduly burdensome, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for confidential commercial information. Subject to and without waiving its objections, Wells Fargo responds further as follows. Subject to the protective order entered by the Court, Wells Fargo will produce any relevant, non-privileged, non-work product, responsive documents in its possession for inspection and copying at the

offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

**REQUEST NO. 8:**

Produce all documents concerning Defendant's policies and/or procedures relating to the handling and/or detection of forged, altered or unauthorized checks or instruments.

**RESPONSE:**

Wells Fargo objects to Request No. 8 because it is vague, overly broad, unduly burdensome, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for confidential commercial information. Subject to and without waiving its objections, Wells Fargo responds further as follows. Subject to the protective order entered by the Court, Wells Fargo will produce any relevant, non-privileged, non-work product, responsive documents in its possession for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

**REQUEST NO. 9:**

Produce all documents that constitute, explain, describe or in any other way relate to, pertain to, or support any of the allegations in Plaintiffs' Complaint or Defendant's affirmative defenses.

**RESPONSE:**

Wells Fargo objects to Request No. 9 because it is vague, overly broad, unduly burdensome, is in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, calls for a legal conclusion, and may call for information which may be subject to attorney-client privilege and/or work product protection. Subject to and without waiving its objections, Wells Fargo responds further as follows. Subject to the protective order entered by the Court, Wells Fargo will produce all non-privileged, non-work

6

product documents in its possession that Wells Fargo is currently aware are responsive for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties. Investigation and discovery are continuing, and Wells Fargo may later become aware of additional responsive and discoverable documents.

**REQUEST NO. 10:**

Produce all written statements or reports generated by an expert witness of any kind.

**RESPONSE:**

Wells Fargo objects to Request No. 10 because it is vague, overly broad, and unduly burdensome, exceeds the scope of discovery concerning experts allowed by Fed. R. Civ. P. 26, calls for information protected by attorney-client privilege and/or work product protection, and is contrary to the Pretrial Scheduling Order of the Court. Subject to and without waiving its objections, Wells Fargo states further as follows. Wells Fargo has not yet retained any expert witnesses to testify in this matter. Wells Fargo will produce any expert reports in compliance with and to the extent required by the Court's Pretrial Scheduling Orders.

**REQUEST NO. 11:**

Produce all documents you provided to any expert witness and any reports, drafts, or other documents prepared by the expert(s) you retain in this case.

**RESPONSE:**

Wells Fargo objects to Request No. 11 because it is vague, overly broad, and unduly burdensome, exceeds the scope of discovery concerning experts allowed by Fed. R. Civ. P. 26, calls for information protected by attorney-client privilege and/or work product protection, and is contrary to the Pretrial Scheduling Order of the Court. Subject to and without waiving its objections, Wells Fargo states further as follows. Wells Fargo has not yet retained any expert

7

witnesses to testify in this matter. Wells Fargo will produce any expert reports in compliance

with and to the extent required by the Court's Pretrial Scheduling Orders.

**REQUEST NO. 12:**

Produce all documents relating to the checks identified in Exhibit A to the First

Amended Complaint.

**RESPONSE:**

Wells Fargo objects to Request No. 12 because it is vague, overly broad, unduly

burdensome, and in whole or in part not relevant and not reasonably calculated to lead to the

discovery of admissible evidence, and may call for information which may be subject to

attorney-client privilege and/or work product protection. Subject to and without waiving its

objections, Wells Fargo states further as follows. Subject to the protective order entered by the

Court, Wells Fargo will produce any non-privileged, non-work product, responsive documents in

its possession for inspection and copying at the offices of its undersigned counsel at a time to be

agreed upon by counsel for the parties.

**REQUEST NO. 13:**

Produce all documents identified in Defendant's initial disclosures.

**RESPONSE:**

Subject to the protective order entered by the Court, Wells Fargo will produce all non-

privileged, non-work product, responsive documents in its possession for inspection and copying

at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

**REQUEST NO. 14:**

Produce a complete copy (front and back) of all records and paper work relating to the

deposits of the checks identified in Exhibit A of the First Amended Complaint into the JAML

account(s), including a copy of all deposit tickets/slips, a copy of each instrument, and any and all other paper work or records relating to the deposits.

**RESPONSE:**

Wells Fargo objects to Request No. 14 because it is vague, overly broad, unduly burdensome, in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and may call for information which may be subject to attorney-client privilege and/or work product protection. Subject to and without waiving its objections, Wells Fargo states further as follows. Subject to the protective order entered by the Court, Wells Fargo will produce all non-privileged, non-work product, responsive documents in its possession for inspection and copying at the offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

**REQUEST NO. 15:**

Produce all documents (including but not limited to correspondence of the Banking Resolutions and account agreements), relating to Plaintiffs' accounts with Defendant and all accounts maintained by JAML or Steve J. Davis with Defendant.

**RESPONSE:**

Wells Fargo objects to Request No. 15 because it is vague, overly broad, unduly burdensome, and expensive, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo further objects to Request No. 15 because the Request fails to identify the accounts of Plaintiffs, JAML, or Steven J. Davis with particularity sufficient to enable Wells Fargo to identify, or know that it has identified, all such accounts and/or documents. Subject to and without waiving its objections, Wells Fargo responds further as follows. Subject to the protective order entered by the Court, Wells Fargo will

9

produce the relevant account agreements, banking resolutions, and statements concerning the

checks identified in Exhibit A to the First Amended Complaint, and copies of such checks, that

Wells Fargo finds with good-faith efforts, in its possession for inspection and copying at the

offices of its undersigned counsel at a time to be agreed upon by counsel for the parties.

**REQUEST NO. 16:**

Produce all memoranda, correspondence, files and records relating to Plaintiffs' claims

and Defendant's defenses in this case.

**RESPONSE:**

Wells Fargo objects to Request No. 16 because it is vague, overly broad, unduly

burdensome, is in whole or in part not relevant and not reasonably calculated to lead to the

discovery of admissible evidence, and may call for information which may be subject to

attorney-client privilege and/or work product protection. Subject to and without waiving its

objections, Wells Fargo states further as follows. Subject to the protective order entered by the

Court, Wells Fargo will produce any relevant non-privileged, non-work product, responsive

documents in its possession for inspection and copying at the offices of its undersigned counsel

at a time to be agreed upon by counsel for the parties.

LAPP, LIBRA, THOMSON, STOEBNER &
PUSCH, CHARTERED


Dated:  April 13, 2007                          By _____
                                                    Richard T. Thomson (#109538)
                                                    Amy L. Schwartz (#0339350)
                                                One Financial Plaza
                                                Suite 2500
                                                120 South Sixth Street
                                                Minneapolis, MN  55402
                                                612/ 338-5815

                                                Attorneys for Defendant Wells Fargo Bank,
                                                N.A.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Berkley Risk Administrators Company, LLC,
Rasmussen Agency, Inc., (d/b/a Berkley Risk
Managers), All American Agency Facilities, Inc.,
and Federal Insurance Company, as assignee and
subrogor,

Plaintiffs,

vs.

Wells Fargo Bank, National Association,

Defendant.

Civ. No. 06-2804 (PAM/JSM)

**DEFENDANT WELLS FARGO BANK'S
ANSWERS AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF
INTERROGATORIES AND
DOCUMENT REQUESTS**

**TO:   PLAINTIFFS BERKLEY RISK ADMINISTRATORS COMPANY, LLC,
RASMUSSEN AGENCY, INC., (d/b/a BERKLEY RISK MANAGERS), ALL
AMERICAN AGENCY FACILITIES, INC., AND FEDERAL INSURANCE
COMPANY AND THEIR ATTORNEYS DAVID L. HASHMALL, BRIAN T.
BENKSTEIN, DONALD G. HEEMAN AND FELHABER, LARSON, FENLON &
VOGT, P.A., 220 SOUTH SIXTH STREET, SUITE 2200, MINNEAPOLIS, MN
55402.**

For its answers and objections to Plaintiff's Second Set of Interrogatories and Document

Requests, Defendant Wells Fargo Bank, National Association ("Wells Fargo") states as follows.

Wells Fargo objects to Plaintiff's Definitions and Guidelines as set forth in Wells Fargo's

Answers and Objections to Plaintiff's First Set of Interrogatories and Wells Fargo's Response to

Plaintiff's First Request for Production of Documents.

### INTERROGATORY

### INTERROGATORY NO. 26.

Identify each check or instrument with any unauthorized, invalid, forged or improper

signature or endorsement, or other irregularity, that Defendant collected, paid, or processed

between July 1, 1996 and August 30, 2004, with regard to which Defendant made any account

**EXHIBIT**

F

adjustment, credit, payment, or refund in favor of to, or on behalf of its customer, account holder, or any other person, and for each such check or instrument, identify the action taken and the reason for said action by Defendant.

**ANSWER AND OBJECTIONS:**

Wells Fargo objects to Interrogatory No. 26 because it is vague, overly broad, unduly burdensome, expensive, argumentative, impossible to answer, not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for confidential commercial information.

## DOCUMENT REQUEST

**REQUEST NO. 17:**

Produce all documents that relate to the checks, instruments, account adjustments, credits, payments, refunds, and actions identified in response to Interrogatory No. 26.

**RESPONSE:**

Wells Fargo objects to Request No. 17 because it is vague, overly broad, unduly burdensome, expensive, argumentative, impossible to accomplish, not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and calls for confidential commercial information.

Kelly Vegoe, being first duly sworn upon oath, deposes and says that she is the

Wholesale Banking Relationship Support Manager of Wells Fargo Bank, National Association

and that the foregoing answers to interrogatories are true and correct to the best of her present

knowledge, information, and/or belief, subject to inadvertent error and/or omission, facts later

recollected, found, or learned, and subsequent investigation and discovery.


_____

Kelly Vegoe

Subscribed and sworn to before
me this ___ day of _____, 2007.


_____

Notary Public


As to Objections:


LAPP, LIBRA, THOMSON, STOEBNER &
PUSCH, CHARTERED


Dated: April 13, 2007            By _____
                                     Richard T. Thomson (#109538)
                                     Amy L. Schwartz (#0339350)
                                 One Financial Plaza
                                 Suite 2500
                                 120 South Sixth Street
                                 Minneapolis, MN 55402
                                 612/ 338-5815

                                 Attorneys for Defendant Wells Fargo Bank,
                                 N.A.