## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Berkley Risk Administrators Company, LLC, Rasmussen Agency, Inc. (d/b/a Berkley Risk Managers), All American Agency Facilities, Inc., and Federal Insurance Company, as assignee and subrogor, | Civ. No. 0:06-cv-2804 (PAM/JSM) |
| Plaintiffs, | **WELLS FARGO'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER** |
| vs. | |
| Wells Fargo Bank, National Association, | |
| Defendant. | |

_____

Wells Fargo Bank, National Association ("Wells Fargo") respectfully submits this memorandum of law in support of its motion for a protective order.

## I.      INTRODUCTION.

Over the course of this litigation, Plaintiffs have sought onerous, irrelevant, expensive, and often-times impossible discovery.  Plaintiffs' 30(b)(6) deposition notice to Wells Fargo dated November 13, 2007 (the "Notice") continues this pattern.  *See* Affidavit of Amy L. Schwartz ("Schwartz Affidavit"), Exhibit A.

By letters dated November 19th and December 5th, Wells Fargo outlined in detail its objections to the Notice, and set forth its plans to comply with the Notice.  *See* Schwartz Affidavit, Exhibits B and C.

On December 12 and 13, at Wells Fargo's request and as subsequently urged by the Court itself, counsel for the parties met and conferred by telephone to resolve the

discovery disputes relating to the Notice.  *See* Certification of Good Faith, ¶ 2.  Counsel for Wells Fargo believed the telephone conference was largely successful and, on December 18, counsel for Wells Fargo sent Plaintiffs' counsel a letter memorializing the telephone agreements.  *See* Schwartz Affidavit, Exhibit D.

By letter dated December 20, Plaintiffs denied their agreement to almost all of the items in the December 12 and 13 telephone conference.  *See* Schwartz Affidavit, Exhibit E.  Because the parties appear unable to reach and stay with an agreement, Wells Fargo seeks a protective order from the Court limiting the scope of the Notice.

This memorandum addresses only those areas of the Notice on which the parties were not able to reach resolution.

## II.   ARGUMENT.

### A.   The Law.

Fed. R. Civ. P. 30(b)(6) states:

A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with *reasonable particularity* the matters on which examination is requested. … The persons so designated shall testify as to *matters known or reasonably available* to the organization.

(emphasis supplied); *see also Dwelly v. Yamaha Motor Corp.,* 214 F.R.D. 537, 540 (D. Minn. 2003) ("Thus, the requesting party must reasonably particularize the subjects about which it wishes to inquire, and the responding party is obligated to produce a deponent who has been suitably prepared to respond to questioning within the scope of inquiry.") (citations omitted). The scope of a 30(b)(6) deposition is limited to only those matters which are relevant or which are calculated to lead to the discovery of admissible

evidence.  *See* Fed. R. Civ. P. 26(b)(1).

An overly broad 30(b)(6) notice should not be enforced.  *See Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan.2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task. To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice. Where, as here, the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.").

Because Plaintiffs' outstanding Notice topics are not stated with reasonable particularity, or blatantly fail the Rule 26 relevancy standard, Wells Fargo requests that this Court grant an appropriate protective order.

### B.     The Topics At Issue.

### Topic No. 1

Defendant's policies and procedures concerning or relating to the deposit, payment, negotiation or other handling of forged, altered or unauthorized checks or instruments.

### Answer and Objections to No. 1

Wells Fargo objects to this topic because it is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, overly broad, and unduly burdensome.  Among other things, the topic fails to meet the requirements of relevancy because none of the checks at issue in this action was forged, altered, or unauthorized.  With regard to the vagueness of the topic, Wells Fargo assumes Plaintiffs mean to ask about policies and procedures concerning or relating to the deposit, payment, negotiation or other handling of checks or instruments known to be forged, altered or unauthorized.  Subject to and without waiving its objections, Wells Fargo will produce one or more deponents (the "Deponent") to testify in a general and non-specific way on Wells Fargo's policies and procedures, if any, concerning or relating to the deposit, payment, negotiation or other handling of such checks or instruments for the period from 2003 through 2004, which, because of the statutes of limitations, is the relevant period.  Because of the expanse of time and because of the breadth and vagueness of the request, no

Deponent would be able to be prepared to testify to the specifics or intricacies of any such policies or procedures unless you give us notice of particular specifics or intricacies you wish the Deponent to address.   Wells Fargo has produced voluminous documents relating to its policies and procedures concerning the deposit, payment, negotiation or other handling of checks or instruments.   If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning.   Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.   I ask that you call me about this topic so that we may refine the topic to something that is reasonably specific and relevant.

**<u>Discussion of No. 1</u>**

Plaintiffs have requested that a Wells Fargo Deponent be prepared to testify to all policies and procedures that relate to the deposit, payment, and negotiation of checks. A moment's reflection reveals that the request covers virtually everything a bank does relating to checks—an extraordinarily broad area that is far too general and far more than is suitable to this case.

Wells Fargo has attempted, on numerous occasions, to reach a reasonable resolution with the Plaintiffs.   Plaintiffs have denied such efforts at every turn.   For example, Wells Fargo has offered to prepare a witness to testify to any of the thousands of pages of policies and procedures Plaintiffs specifically identify.   *See* Schwartz Affidavit, Exhibit C.  Plaintiffs have refused to make such identification.

In accord with well-established precedent (discussed hereinafter), Wells Fargo has also offered to prepare a witness on any policies and procedures Wells Fargo's counsel believes in good faith apply to the items at issue.   In the event that the Wells Fargo witness is not prepared to discuss a policy and procedure on which Plaintiffs seek testimony at the deposition, Wells Fargo has agreed to subsequently produce a witness

prepared to speak to those policies and procedures, so long as such policies and procedures are relevant. *See* Schwartz Affidavit, Exhibit D. Plaintiffs have rejected this approach. *See* Schwartz Affidavit, Exhibit E.

It is impossible for a Wells Fargo Deponent to be prepared on every single policy and procedure of Wells Fargo that relates to any check or wire transfer accepted for deposit, negotiation, or payment. Plaintiffs' topic is impossibly broad and fails to meet the basic test of "reasonable particularity." Thus, this topic area needs to be narrowed to only those policies which apply or could have applied to the checks at issue. Given Plaintiffs' refusal to narrow the topic themselves, Wells Fargo's only option is to narrow the topic for Plaintiffs and to produce a subsequent Wells Fargo witness if the narrowing is not appropriate. This is the procedure that is encouraged by the Federal Rules of Civil Procedure and is voluntarily accepted by most parties. *See, e.g., Prokosch v. Catalina Lighting, Inc.,* 193 F.R.D. 633, *638 (D.Minn. 2000) ("Corporations, partnerships, and joint ventures have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter. If it becomes obvious during the course of a deposition that the designee is deficient, the [organization] is obligated to provide a substitute.") (internal citations omitted); *Dwelly,* 214 F.R.D at 540; *Marker v. Union Fid. Life Ins. Co.,* 125 F.R.D. 121, 126 (M.D.N.C.1989) (noting that even where defendant in good faith thought deponent would satisfy the deposition notice, it had a duty to substitute another person once the deficiency of its designation became apparent during the course of the deposition); 8A *Federal Practice and Procedure*, §2103

(2007 update).

Pursuant to the foregoing authority, Wells Fargo asks this Court to order that a Wells Fargo Deponent be prepared to testify to those policies and procedures which Wells Fargo's counsel believes in good faith apply to this litigation.  In the event that Plaintiffs seek testimony on policies and procedures on which the Wells Fargo Deponent is not prepared to testify, Wells Fargo agrees to subsequently produce a witness prepared to testify on those matters, as long as such policies and procedures are properly discoverable.

### Topic No. 2

Defendant's policies and procedures relating to the detection of forged, altered or unauthorized check [sic] or instruments.

### Answer and Objections to No. 2

Wells Fargo objects to this topic because it is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, overly broad, and unduly burdensome.  Again, this case does not involved any forged, altered, or unauthorized checks.  Subject to and without waiving its objections, Wells Fargo will produce one or more Deponents to testify in a general and non-specific way on Wells Fargo's policies and procedures, if any, relating to the detection of forged, altered, or unauthorized checks or instruments for the period from 2003 through 2004.  Because of the expanse of time and because of the breadth and vagueness of the request, no Deponent would be able to be prepared to testify to the specifics or intricacies of any such policies or procedures unless you give us notice of particular specifics or intricacies you wish the Deponent to address. Wells Fargo has produced voluminous documents relating to the detection of forged, altered, or unauthorized checks or instruments. If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning.  Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.  I ask that you call me about this topic so that we may refine the topic to something that is reasonably specific and relevant.

### Discussion of No. 2

See Discussion of No. 1.

## Topic No. 3

Defendant's policies relating to the Defendant's review, determination or consideration of whether signatures or endorsements are unauthorized, forged, or otherwise improper.

## Answer and Objections to No. 3

Wells Fargo objects to this topic because it is not relevant, not reasonably calculated to the lead to the discovery of admissible evidence, vague, overly broad, and unduly burdensome.  Subject to and without waiving its objections, Wells Fargo will produce one or more Deponents to testify in a general and non-specific way on such policies and procedures, if any, for the period from 2003 through 2004.  Because of the expanse of time and because of the breadth and vagueness of the request, no Deponent would be able to be prepared to testify to the specifics or intricacies of any such policies or procedures unless you give us notice of particular specifics or intricacies you wish the Deponent to address. Wells Fargo has produced voluminous documents relating to such policies.  If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning.  Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.  I ask that you call me about this topic so that we may refine the topic to something that is reasonably specific and relevant.

## Discussion of No. 3

See Discussion of No. 1.

## Topic No. 4

 All instructions or guidelines given to tellers or other employees of Defendant regarding the consideration, inspection, or review of endorsements or signatures on checks or instruments.

## Answer and Objections to No. 4

Wells Fargo objects to this topic because it is vague, overly broad, unduly burdensome, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  The endorsements or signatures on the checks involved in this action are not at issue.  Among other objectionable aspects of the topic, it would be impossible for any person to testify as to "all"

instructions given to tellers or other employees regarding the consideration, inspection, or review of endorsements or signatures on checks or instruments. Subject to and without waiving its objections, Wells Fargo will produce one or more Deponents to testify in a general and non-specific way on such instructions or guidelines, if any, that as a matter of policy were ordinarily given by Wells Fargo during the period from 2003 through 2004. Because of the expanse of time and because of the breadth and vagueness of the request, no Deponent would be able to be prepared to testify in detail about each such instruction or guideline, or to the specifics or intricacies of any such instructions or guidelines, unless you give us notice of particular instructions, guidelines, specifics or intricacies you wish the Deponent to address. Wells Fargo has produced voluminous documents relating to such instructions and guidelines. If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning. Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice. I ask that you call me about this topic so that we may refine the topic to something that is reasonably specific and relevant.

**Discussion of No. 4**

See Discussion of No. 1.

**Topic No. 5**

Any and all actions required to be taken by tellers or other employees of Defendant regarding the acceptance of items for deposit, or the payment of items by the bank.

**Answers and Objections to No. 5**

Wells Fargo objects to this topic because it is vague, overly broad, and unduly burdensome, calls for legal conclusions, and is in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence. For example, and not by way of limitation, the topic as drafted would require a witness knowledgeable about actions required concerning the acceptance of cashiers checks for deposit, a subject that is wholly irrelevant to this litigation. Wells Fargo asks Plaintiffs to reformulate this topic so that it is specific, relevant, and reasonable, and so that it does not call for legal conclusions. I ask that you call me about this topic so that we may refine the topic to something that is reasonably specific and relevant. Subject to and without waiving its objections, please see response to Topic No. 3, above.

**Discussion of No. 5**

See Discussion of No. 1.

**Topic No. 7**

The policies and/or procedures by which Defendant determines whether it will accept a check or instrument for deposit.

**Answers and Objections to No. 7**
Wells Fargo objects to this topic because it is vague, overly broad, and unduly burdensome.  Subject to and without waiving its objections, Wells Fargo will produce one or more Deponents to testify in a general and non-specific way on such policies and procedures, if any, for the period from 2003 through 2004. Because of the expanse of time and because of the breadth and vagueness of the request, no Deponent would be able to be prepared to testify to the specifics or intricacies of any such policies or procedures unless you give us notice of particular specifics or intricacies you wish the Deponent to address.  Wells Fargo has produced voluminous documents relating to such policies.  If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning.  Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.  I ask that you call me about this topic so that we may refine the topic to something that is reasonably specific and relevant.

**Discussion of No. 7**

See Discussion of No. 1.

**Topic No. 8**

 The identity and substance of all documents relating to the training of Defendant's employees regarding the review of checks or instruments submitted for deposit and/or review of the endorsements.

**Answers and Objections to No. 8**

Wells Fargo objects to this topic because it is vague, overly broad, and unduly burdensome.  Subject to and without waiving its objections, Wells Fargo will produce one or more Deponents to testify in a general and non-specific way concerning such documents, if any, for the period from 2003 through 2004. Because of the expanse of time and because of the breadth and vagueness of the request, no Deponent would be able to be prepared to testify to the specifics or intricacies of any such documents unless you give us notice of particular specifics or intricacies you wish the Deponent to address.  Wells Fargo has produced voluminous documents relating to training.  If Plaintiffs have identified a

particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning. Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice. I ask that you call me about this topic so that we may refine the topic to something that is reasonably specific and relevant.

**Discussion of No. 8**

See Discussion of No. 1.

**Topic No. 9**

Defendant's policies and/or procedures relating to the processing of a check for deposit, collection, or payment.

**Answers and Objections to No. 9**

Wells Fargo objects to this topic because it is vague, overly broad, and unduly burdensome, and is in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence. For example, and not by way of limitation, the topic as drafted could require a witness knowledgeable about operating the automated machinery by which checks are processed for payment, a subject that is wholly irrelevant to this litigation. Wells Fargo asks Plaintiffs to reformulate this topic so that it is specific, relevant, and reasonable. I ask that you call me about this topic so that we may refine the topic to something that is reasonably specific and relevant. Subject to and without waiving its objections, please see response to Topic No. 3, above.

**Discussion of No. 9**

See Discussion of No. 1.

**Topic No. 10**

Each step taken by Defendant's agents or employees to determine whether the checks identified in Exhibit A to the First Amended Complaint could properly be deposited into the JAML Investment account or any other JAML account.

**Answers and Objections to No. 10**

Wells Fargo objects to this topic because it is vague, overly broad, and unduly burdensome, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo further objects to this topic because Wells Fargo cannot know exactly what steps were taken concerning

such checks, except to presume, as is fair, that the steps taken were in accordance with Wells Fargo's policies and procedures concerning such matters.  Subject to and without waiving its objections, Wells Fargo will produce one or more Deponents to testify in a general and non-specific way on such policies during the period from 2003 through 2004.  Because of the expanse of time and because of the breadth and vagueness of the request, no Deponent would be able to be prepared to testify in detail about each such policy and procedure, or to the specifics or intricacies of any such policy or procedure, unless you give us notice of particular policies, procedures, specifics or intricacies you wish the Deponent to address.  Wells Fargo has produced voluminous documents relating to such policies and procedures.  If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning.  Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.

**Discussion of No. 10**

Wells Fargo has notified Plaintiffs that because Wells Fargo cannot identify which tellers took the checks identified on Exhibit A to the First Amended Complaint, Wells Fargo cannot know the exact steps taken by those tellers to determine whether the checks identified in Exhibit A to the First Amended Complaint could be properly deposited into a JAML account, and Wells Fargo's witness will be prepared to testify about this fact. Wells Fargo's deponent also will be prepared to testify to the efforts Wells Fargo made to identify the tellers.  Wells Fargo has further offered to produce a deponent who can testify to the normal procedure for tellers concerning such checks.  Wells Fargo cannot prepare a deponent to testify beyond these items, but Plaintiffs for some reason continue to object.  Wells Fargo therefore seeks a protective order limiting the scope of topic 10 the above-identified areas.

**Topic No. 11**

Defendant's policies and/or procedures relating to the deposit of checks into an account not of the payee(s) on said checks.

11

**Answers and Objections to No. 11**

Wells Fargo objects to this topic because it is vague and ambiguous, overly broad, unduly burdensome, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Wells Fargo will produce one or more Deponents to testify in a general and non-specific way on the policies for depositing checks endorsed in blank during the period from 2003 through 2004. If you wish the Deponent to address a particular aspect of such policies, please give us notice of such aspect. Wells Fargo has produced voluminous documents relating to such policies and procedures. If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning. Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.

**Discussion of No. 11**

See Discussion of No. 1.

**Topic No. 13**

The facts that support or relate to Defendant's Third Defense alleged in its Answer, and, for each such fact, the identity of all persons who Defendant believes have or may have knowledge relating to such fact and the identity and substance of all documents that relate to such fact.

**Objections to No. 13**

It is our understanding that Plaintiffs acknowledge that their purported claims concerning the checks deposited on or before June 1, 2003, are barred by the applicable statutes of limitations. Accordingly, Wells Fargo objects to this topic because it is unnecessary and unduly burdensome.

**Discussion of No. 13**

In topic 13, Plaintiffs ask a Wells Fargo Deponent to be prepared to testify to the facts that relate to Wells Fargo's statute of limitations defense. Wells Fargo's statute of limitations defense is, simply, that Plaintiffs' claims relating to any of the checks identified on Exhibit A which were paid on or before June 1, 2003, are barred by Minnesota's three-year statute of limitations. *See* Minn. Stat. § 336.4-111.

12

Wells Fargo has objected to topic 13 because it is indisputable that of the 62 items at issue, 45 items are barred by the statute of limitations.  Wells Fargo should not be required to undergo the expense of preparing a witness on 45 checks that are obviously barred by the statute of limitations.[1]

### Topic No. 14

The facts that support or relate to Defendant's Fourth Defense alleged in its Answer, and, for each such fact, the identity of all persons who Defendant believes have or may have knowledge relating to such fact and the identity and substance of all documents that relate to such fact.

### Answer and Objections to No. 14

Wells Fargo objects to this topic to the extent that it calls for legal conclusions and to the extent that Wells Fargo is not in possession of all the facts that support or relate to the defense.  Subject to and without waiving its objection, Wells Fargo will produce one or more Deponents in response to this topic.

### Discussion of No. 14

In its letter to Plaintiffs dated December 18, 2007, Wells Fargo agreed to produce a witness prepared to testify regarding those terms and conditions of the account agreements that are at issue in this litigation.  Because Wells Fargo's Fourth Defense is that Plaintiffs' claims are barred in whole or in part by Plaintiffs' account agreements with Wells Fargo, Wells Fargo cannot conceive of any good faith basis for Plaintiffs to dispute Wells Fargo's agreement on topic 14.

### Topic No. 15

The facts that support or relate to Defendant's Fifth Defense alleged in its Answer, and, for each such fact, the identity of all persons who Defendant believes have or

---

[1] As Wells Fargo has already notified Plaintiffs, if Plaintiffs do not withdraw such claims, Wells Fargo will seek sanctions against Plaintiffs.

may have knowledge relating to such fact and the identity and substance of all documents that relate to such fact.

### Answers and Objections to No. 15

Wells Fargo objects to this topic to the extent that it calls for legal conclusions and to the extent that Wells Fargo is not in possession of all the facts that support or relate to the defense.  Subject to and without waiving its objection, Wells Fargo will produce one or more Deponents in response to this topic.

### Discussion of No. 15

In its letter to Plaintiffs dated December 18, 2007, Wells Fargo agreed to produce a witness prepared to testify to the facts in Wells Fargo's personal knowledge that relate to each of its affirmative defenses.

Wells Fargo also agreed to produce a deponent prepared to testify to any and all of those documents produced by Wells Fargo which Wells Fargo's counsel in good faith believes relate to each of the defenses.  In their letter dated December 20, 2007, Plaintiffs stated that they "did not agree that the scope of knowledge required by a 30(b)(6) witness is to be determined by what 'in good faith Wells Fargo's counsel believes.'"  *See* Schwartz Affidavit, Exhibit E.  But Wells Fargo has asked Plaintiffs to designate the particular documents they seek testimony on and Plaintiffs have refused.  *See* Schwartz Affidavit, Exhibits C and E.  Given that Plaintiffs will not identify which documents they seek testimony on, counsel for Wells Fargo has no choice but to prepare a deponent on the documents Wells Fargo's counsel in good faith in good faith believes relate to each defense.  If it becomes apparent that other documents are relevant, Wells Fargo has agreed to produce a witness on those matters, too.  *See, e.g. Dwelly; Prokosch; Wright and Miller* §2103.

## Topic No. 16

The facts that support or relate to Defendant's Sixth Defense alleged in its Answer, and, for each such fact, the identity of all persons who Defendant believes have or may have knowledge relating to such fact and the identity and substance of all documents that relate to such fact.

## Answers and Objections to No. 16

Wells Fargo objects to this topic to the extent that it calls for legal conclusions and to the extent that Wells Fargo is not in possession of all the facts that support or relate to the defense.  Further, this topic in whole or in part is not appropriate for a Rule 30(b)(6) deposition.  Subject to and without waiving its objection, Wells Fargo will produce one or more Deponents in response to this topic to the extent Wells Fargo in the ordinary course of its business has knowledge of facts concerning it.

## Discussion of No. 16

See Discussion of No. 15.

## Topic No. 17

The facts that support or relate to Defendant's Seventh Defense alleged in its Answer, and, for each such fact, the identity of all persons who Defendant believes have or may have knowledge relating to such fact and the identity and substance of all documents that relate to such fact.

## Answers and Objections to No. 17

Wells Fargo objects to this topic to the extent the topic calls for expert testimony and to the extent that Wells Fargo is not in possession of all the facts that support or relate to the defense.  Further, this topic in whole or in part is not appropriate for a Rule 30(b)(6) deposition.  Subject to and without waiving its objection, Wells Fargo will produce one or more Deponents in response to this topic to the extent Wells Fargo in the ordinary course of its business has knowledge of facts concerning it.

## Discussion of No. 17

See Discussion of No. 15.

## Topic No. 18

The facts that support or relate to Defendant's Eighth Defense alleged in its Answer, and, for each such fact, the identity of all persons who Defendant believes have or may have knowledge relating to such fact and the identity and substance of all documents that relate to such fact.

### Answers and Objections to No. 18

Wells Fargo objects to this topic because it is overly broad and unduly burdensome, in that there is no dispute that with regard to the checks not barred by a statute of limitations, Wells Fargo in good faith paid the instruments at issue in this action or took them for value or for collection. Further, this topic in whole or in part is not appropriate for a Rule 30(b)(6) deposition. Subject to and without waiving its objection, Wells Fargo will produce one or more Deponents in response to this topic to the extent Wells Fargo in the ordinary course of its business has knowledge of facts concerning it.

### Discussion of No. 18

See Discussion of No. 15.

### Topic No. 19

The facts that support or relate to Defendant's Ninth Defense alleged in its Answer, and, for each such fact, the identity of all persons who Defendant believes have or may have knowledge relating to such fact and the identity and substance of all documents that relate to such fact.

### Answers and Objections to No. 19

Wells Fargo objects to this topic to the extent that it calls for legal conclusions and to the extent that Wells Fargo is not in possession of all the facts that support or relate to the defense. Further, this topic in whole or in part is not appropriate for a Rule 30(b)(6) deposition. Subject to and without waiving its objection, Wells Fargo will produce one or more Deponents in response to this topic to the extent Wells Fargo in the ordinary course of its business has knowledge of facts concerning it.

### Discussion of No. 19

See Discussion of No. 15.

### Topic No. 20

The facts that support or relate to Defendant's Tenth Defense alleged in its Answer, and, for each such fact, the identity of all persons who Defendant believes have or may have knowledge relating to such fact and the identity and substance of all documents that relate to such fact.

### Answers and Objections to No. 20

Wells Fargo objects to this topic to the extent that it calls for legal conclusions and to the extent that Wells Fargo is not in possession of all the facts that support or relate to the defense. Further, this topic in whole or in part is not appropriate for a Rule 30(b)(6) deposition. Subject to and without waiving its objection, Wells Fargo will produce one or more Deponents in response to this topic to the extent Wells Fargo in the ordinary course of its business has knowledge of facts concerning it.

### Discussion of No. 20

See Discussion of No. 15.

### Topic No. 21

The facts that support or relate to Defendant's Thirteenth Defense alleged in its Answer, and, for each such fact, the identity of all persons who Defendant believes have or may have knowledge relating to such fact and the identity and substance of all documents that relate to such fact.

### Answers and Objections to No. 21

Wells Fargo objects to this topic to the extent that it calls for legal conclusions and to the extent that Wells Fargo is not in possession of all the facts that support or relate to the defense. Further, this topic in whole or in part is not appropriate for a Rule 30(b)(6) deposition. Subject to and without waiving its objection, Wells Fargo will produce one or more Deponents in response to this topic to the extent Wells Fargo in the ordinary course of its business has knowledge of facts concerning it.

### Discussion of No. 21

See Discussion of No. 15.

### Topic No. 22

Each check or instrument with any unauthorized, invalid, forged, or improper signature or endorsement, or other irregularity, that Defendant collected, paid, or

processed between July 1, 1996, and August 30, 2004, with regard to which
Defendant made any account adjustment, credit, payment, or refund in favor of to,
or on behalf of its customer, account holder, or any other person, and for each such
check or instrument, the action taken and the reason for said action by Defendant.

### Answers and Objections to No. 22

Wells Fargo objects to this topic because it is not relevant, not reasonably
calculated to lead to the discovery of admissible evidence, overly broad, unduly
burdensome, vague, expensive, impossible to answer, argumentative, and calls for
confidential commercial information.   Wells Fargo already has explained its
objections to you in connection with Plaintiffs' earlier motion to compel.

### Discussion of No. 22

In topic 22, Plaintiffs ask Wells Fargo for every instrument (check or otherwise),

on any account (whether or not it is the account of the Plaintiffs), with an unauthorized,

invalid, forged or improper signature or endorsement, or other irregularity (Plaintiffs do

not identify what constitutes, in their opinion, an improper signature or other

irregularity), which spans the eight-year period from July 1, 1996 to August 30, 2004, in

any Wells Fargo location, anywhere in the world, in which any Wells Fargo employee

made an account adjustment, credit, payment or refund on behalf of a customer.

Plaintiffs not only wish to know the identity of the check and the Wells Fargo customer

who received the adjustment, credit, payment or refund, Plaintiffs also wish to discover

the actions taken by Wells Fargo and the reasons for such actions.

Plaintiffs' topic 22 is harassing, abusive, irrelevant, not reasonably calculated to

lead to the discovery of admissible evidence, and impossible for Wells Fargo to answer.

As Wells Fargo notified Plaintiffs in Wells Fargo's Memorandum of Law in Opposition

to Plaintiffs' Motion to Compel Discovery, dated May 29, 2007, Wells Fargo does not

keep a centralized record of accounts on which Wells Fargo has made adjustments,

credits, payments, or refunds.  Likewise, Wells Fargo does not keep any centralized record of the reasons, if any, it has made an adjustment, credit, payment, or refund, on a customer's account.  Thus, no Wells Fargo Deponent could know the accounts on which Wells Fargo had made an adjustment, credit, payment, or refund, and such information would not be reasonably available to any Wells Fargo Deponent.  Therefore, Plaintiffs' topic 22 is outside the scope of 30(b)(6).

Not only is Plaintiffs' topic 22 outside the practicable knowledge of Wells Fargo, topic 22 is plainly irrelevant.  Plaintiffs' Wells Fargo accounts are governed by Plaintiffs' account agreements with Wells Fargo and by the U.C.C.  *See* Minn. Stat. §§ 336.4-102, 336.4-406.  Thus, even if the information sought by Plaintiffs revealed that Wells Fargo had waived its rights under its account agreements with other customers, Plaintiffs as a matter of law cannot claim that such waiver bars Wells Fargo from enforcing its account agreements with Plaintiffs.  Therefore, the terms and conditions of other customers' account agreements are irrelevant to the terms and conditions of Plaintiffs' account agreements with Wells Fargo.

Even assuming solely for purposes of argument that Wells Fargo had such information, given that there are more than 3,200 Wells Fargo locations world-wide, and given that Wells Fargo has hundreds of thousands of customers, no Deponent, Wells Fargo or otherwise, could possibly familiarize themselves with the names- let alone the circumstances- of all adjustments, credits, payments, and refunds, given to Wells Fargo customers.

Again, Plaintiffs' tactic of abusive discovery is apparent.

**Topic No. 23**

The documents identified, relied upon, referred to, or otherwise relating to your Answers to the Interrogatories in Plaintiffs' First Set of Interrogatories to Defendant Wells Fargo Bank.

**Answers and Objections to No. 23**

Wells Fargo objects to this topic because it is overly broad, unduly burdensome, and vague.  Wells Fargo and Plaintiffs have produced many thousands of documents that could be construed to "relate" to the Answers to Interrogatories. Because of the expanse of time and because of the breadth and vagueness of the request, no Deponent would be able to be prepared to testify to all the documents unless you give us notice of particular documents, reasonable in number, you wish the Deponent to address.  If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning.  Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.

**Discussion of No. 23**

Plaintiffs' topic 23 is redundant because the topic areas in the Notice repeat and include all the interrogatories in Plaintiffs' First Set of Interrogatories to Defendant Wells Fargo Bank to which Wells Fargo's responses refer or relate to documents.  *See* Schwartz Affidavit, Exhibit D.   Thus, the foregoing and subsequent discussion in this Memorandum of Law In Support of Motion For a Protective Order is applicable to topic 23.  See Discussion of No. 1.

**Topic No. 26**

The documents (including, but not limited to, correspondence) relating to accounts of JAML or Steve J. Davis with Defendant.

**Answer and Objections to No. 26**

Wells Fargo objects to this topic because it is overly broad, unduly burdensome, and vague.  Wells Fargo further objects to this topic to the extent it relates to documents protected from discovery by the attorney-client privilege, Fed. R. Civ. P. 26(c), and/or the work product rule.  Wells Fargo and Plaintiffs have produced

many thousands of documents that could be construed to "relate" to accounts of JAML or Steve J. Davis with Wells Fargo. Because of the expanse of time and because of the breadth and vagueness of the request, no Deponent would be able to be prepared to testify to all the documents unless you give us notice of particular documents, reasonable in number, you wish the Deponent to address. If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning. Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.

## Discussion of No. 26

In topic 26, Plaintiffs ask a Wells Fargo Deponent to be prepared to testify on all documents relating to the accounts of JAML or Steven J. Davis. This topic area is clearly overly broad. More than 17,000 pages of documents have been produced in this litigation. Many thousands of pages of documents arguably relate to the accounts of JAML or Steven J. Davis.

Wells Fargo has already agreed to prepare a deponent on: (1) the copies of checks, if any, relating to the checks identified in Exhibit A to the First Amended Complaint; (2) the deposit slips, if any, relating to the checks identified in Exhibit A to the First Amended Complaint; and (3) JAML and Davis's known account agreements with Wells Fargo. If Plaintiffs desire a Wells Fargo Deponent to be familiar with documents other than those listed above, Plaintiffs should so specify. Plaintiffs have refused to do so.

## Topic Area No. 27

"With respect to deposits into the accounts of Plaintiffs, the identity and substance [of] all deposit tickets/slips and related checks deposited into Plaintiffs' bank account(s) with Defendant between July 1996 and September 2004."

## Answer and Objections to No. 27

Wells Fargo objects to this topic because it is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad,

impossible, and unduly burdensome.  Wells Fargo has previously addressed this topic with you in connection with Plaintiffs' motion to compel.

**Discussion of No. 27**

In topic 27, Plaintiffs ask a Wells Fargo Deponent to be prepared to testify on the substance all of the checks and deposit slips (whether or not at issue in this litigation), on each of  Plaintiffs' accounts for the eight-year period spanning July 1996 to September 2004.

Although Wells Fargo does not know the exact number of checks and deposit slips encompassed by topic 27, Wells Fargo estimates that there were approximately 30,000 deposits into Plaintiffs' accounts between July 1996 and September 2004.  *See* Affidavit of Richard T. Thomson, dated May 29, 2007, ¶ 6.  The cost for recovering deposit slips is $10 per deposit slip.  *See* Affidavit of Cynthia Swan ("Swan Affidavit"), dated May 29, 2007.  Thus, assuming Wells Fargo were able to recover the deposit slips at issue, it would cost Wells Fargo approximately $300,000 to recover the deposit slips, before Wells Fargo incurred the cost of preparing its witness on the substance of the deposit slips.  A Wells Fargo Deponent would then need to familiarize him or herself on the substance of the 30,000 deposit slips as well as the checks associated therewith.  Such a request is unreasonable and abusive.

Topic 27 is not only unreasonably burdensome, it is entirely irrelevant.  Plaintiffs appear to want testimony on the nature of Plaintiffs' routine endorsements because they believe that such testimony would show that the checks identified in Exhibit A were irregularly endorsed.  Respectfully, the nature of Plaintiffs' endorsements on checks other than those contained in Exhibit A is irrelevant as a matter of law for any one of three

reasons.

First, under the U.C.C., it is well-established that a bank has no duty to monitor endorsements.  *See* Minn. Stat. § 336.3-103(a)(9) ("[R]easonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank's prescribed procedures and the bank's procedures do not vary unreasonably from general banking usage not disapproved by this article or article 4."); *Halla v. Norwest Bank Minnesota,* N.A., 601 N.W.2d 449, 453 (Minn. App. 1999), (rejecting claim that Norwest Bank's-- Wells Fargo's predecessor-- failure to verify endorsements was an unreasonable commercial practice); *Stowell v. Cloquet Co-op Credit Union*, 557 N.W.2d 567, 574 (Minn. 1997).  Thus, even if Plaintiffs' checks were "abnormally endorsed," evidence of that supposed fact is, as a matter of law, irrelevant.

Second, wholly apart from § 336.3-103(a)(7), case law in Minnesota holds that a depositary bank has no duty to examine the signatures of payees or other intermediate endorsers. *See Moler v. State Bank of Bigelow*, 223 N.W. 780, 781 (1929) ("[T]he rule that the bank must know the signature of its customer has no application to the indorsement of a certificate of deposit by the payee therein."); *Rodgers v. Bankers' Nat'l Bank*, 229 N.W. 90, 93 (Minn. 1930).  Accordingly, as a matter of Minnesota common law, Wells Fargo had no duty to investigate the endorsements on the checks that were deposited.

Finally, Plaintiffs have no claim for "abnormal endorsement" because, under the terms of the account agreement, Wells Fargo was empowered to accept the signature of any authorized signer.  Here, Plaintiffs allege that Steven J. Davis wrongfully endorsed

all of the checks at issue.  Steven J. Davis, however, was an authorized signer on the account at issue.  *See* Signature Card for Berkley Risk Account No. xxxxxx9652, WF 01744-01745, a true and correct copy of which is attached as Exhibit B to the Thomson Affidavit.  Thus, the nature of Steven J. Davis's signature– abnormal or not– is entirely irrelevant to the question of whether Wells Fargo was empowered to accept his signature

Therefore, as a matter of law, Plaintiffs' efforts to establish that other deposits had endorsements different from the endorsements on the deposits at issue, is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

### Topic No. 28

The training materials, guidelines, policies or other instructions given to Defendant's employees that relate to the review and consideration of endorsements or signatures on checks or instruments.

### Answers and Objections to No. 28

Wells Fargo objects to this topic because it is vague, overly broad, unduly burdensome, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Among other objectionable aspects of the topic, it would be impossible for any person to testify as the "instructions" given to employees regarding the review and consideration of endorsements or signatures on checks or instruments.  Subject to and without waiving its objections, Wells Fargo will produce one or more Deponents to testify in a general and non-specific way on such materials, guidelines, and policies, if any, that as a matter of policy were ordinarily given by Wells Fargo during the period from 2003 through 2004.  Because of the expanse of time and because of the breadth and vagueness of the request, no Deponent would be able to be prepared to testify in detail about each such material, guideline, or policy, or to the specifics or intricacies thereof, unless you give us notice of particular materials, guidelines, policies, specifics or intricacies you wish the Deponent to address.  Wells Fargo has produced voluminous documents relating to such matters.  If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning.  Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.

**Discussion of No. 28**

See Discussion of No. 1.

**Topic No. 29**

The documents (including guidelines, policies and procedures) relating to the recrediting of accounts for the payment by Defendant of forged, stolen, or unauthorized checks or instruments.

**Answer and Objections to No. 29**

Wells Fargo objects to this topic because it is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, vague, overly broad, and unduly burdensome. Wells Fargo has previously addressed this topic with you in connection with Plaintiffs' motion to compel.

**Discussion of No. 29**

In topic 29, Plaintiffs request that a Wells Fargo Deponent be prepared to testify to all documents—policies, procedures, and otherwise—relating to the re-crediting of accounts of forged, stolen and unauthorized checks or instruments. Wells Fargo has already notified Plaintiffs that, other than the U.C.C. and the account agreement, it has no guideline, policy or procedure concerning the re-crediting of accounts for the payment by Wells Fargo of forged, stolen, or unauthorized checks or instruments. *See* Swan Affidavit, ¶12. As Plaintiffs are aware, Wells Fargo has already agreed to produce a Deponent who is prepared to testify regarding the terms and conditions of Plaintiffs' account agreements with Wells Fargo.

To the extent that Plaintiffs are requesting items other than the policies, procedures and guidelines relating to the re-crediting of accounts of forged, stolen and unauthorized checks or instruments, Wells Fargo objects to such request as overly broad, unduly burdensome, and irrelevant.

First, topic 29 is overly broad and unduly burdensome because, as Wells Fargo has already stated, Wells Fargo does not have any centralized system of recording if and when a re-credit has been performed on a customer's account.  Thus, no Wells Fargo Deponent could be familiar with the accounts and documentation therewith, if any, on which re-credits were performed, and such information would not be reasonably available to any Wells Fargo Deponent.  Therefore, Plaintiffs' topic 29 is outside the scope of 30(b)(6).

Not only is Plaintiffs' topic 29 outside the knowledge of a Wells Fargo Deponent, topic 29 is entirely irrelevant.  Plaintiffs' Wells Fargo accounts are governed by Plaintiffs' account agreements with Wells Fargo and by the U.C.C.  *See* Minn. Stat. §§ 336.4-102, 336.4-406.  Thus, even if the information sought by Plaintiffs revealed that Wells Fargo re-credited other similarly situated customers, as a matter of law, Wells Fargo would have absolutely no obligation to re-credit Plaintiffs' accounts with Wells Fargo. Therefore, testimony relating to the re-crediting of other customers' accounts is not relevant to this litigation.

### Topic No. 30

The documents concerning Defendant's policies and/or procedures relating to the handling and/or detection of forged, altered or unauthorized checks or instruments.

### Answers and Objections to No. 30

Wells Fargo objects to this topic because it is vague, unduly burdensome, overly broad, and non-specific.  Wells Fargo incorporates by reference its objections and responses to topics 1, 2, and 35.

### Discussion of No. 30

See Discussion of No. 1.

**Topic No. 31**

The documents that constitute, explain, describe or in any other way relate to, pertain to, or support any of the allegations in Plaintiffs' Complaint or Defendant's affirmative defenses.

**Answers and Objections to No. 31**

Wells Fargo objects to this topic because it calls for a legal conclusion and is overly broad, vague, undefined, unduly burdensome, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo and Plaintiffs have produced thousands of documents in this action. No Deponents can reasonably be expected to prepare to testify about all such documents. If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning. Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.

**Discussion of No. 31**

In Plaintiffs' Letter to Wells Fargo dated December 20, 2007, Plaintiffs narrowed topic 31 to request a Wells Fargo Deponent "prepared to testify as to the facts and documents that relate to Wells Fargo's Eleventh and Twelfth Defenses." *See* Schwartz Affidavit, Exhibit E. Wells Fargo will prepare a witness to testify to the facts in Wells Fargo's personal knowledge that relate to the Eleventh and Twelfth Defenses alleged in Wells Fargo's Answer. A Wells Fargo Deponent will be prepared to testify regarding those documents produced by Wells Fargo which Wells Fargo in good faith believes relate to the Eleventh and Twelfth Defenses.

Further, see Discussion of No. 15.

**Topic No. 34**

The documents relating to the checks identified in Exhibit A to the First Amended Complaint.

**Answers and Objections to No. 34**

Wells Fargo objects to this topic because it calls for a legal conclusion and is overly broad, undefined, vague, and unduly burdensome. Wells Fargo and Plaintiffs have produced thousands of documents in this action. No Deponents can reasonably be expected to prepare to testify about all such documents. If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning. Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.

### Discussion of No. 34

In Wells Fargo's letter to Plaintiffs dated December 18, 2007, Wells Fargo agreed to produce a deponent who is prepared to testify on the copies of the checks identified in Exhibit A, if any such checks exist, and the deposit slips associated with the checks identified in Exhibit A to the First Amended Complaint, if any such deposit slips exist. If Plaintiffs seek testimony on documents produced by Wells Fargo other than those just identified, Plaintiffs should identify those documents. Theoretically, all 17,000 documents produced in this litigation relate to the checks identified in Exhibit A, and it would be abusive and wasteful to require Wells Fargo to produce a witness to testify to all 17,000 pages of documents.

### Topic No. 35

The documents identified in Defendant's initial disclosures.

### Answers and Objections to No. 35

Wells Fargo objects to this topic because it is overly broad, vague, undefined, unduly burdensome, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo has produced thousands of documents in this action. No Deponents can reasonably be expected to prepare to testify about all such documents. If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of

expected questioning.  Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.

### Discussion of No. 35

Contrary to the mandate of Rule 30(b)(6), topic 35 fails to offer a particularized description of the topic area on which Plaintiffs seek testimony.  In Wells Fargo's 26(a)(1) Initial Disclosures to Plaintiffs, Wells Fargo identified as documents "Wells Fargo's file concerning the account at issue."  Wells Fargo has now produced thousands of pages of documents in this litigation.  If Plaintiffs seek testimony on a particular topic, Plaintiffs must identify that topic.  Until Plaintiffs particularize their requests, Wells Fargo seeks a protective order from this Court.

### Topic No. 36

Records and paper work relating to the deposits of the checks identified in Exhibit A of the First Amended Complaint into the JAML account(s), including a copy of all deposit tickets/slips, a copy of each instrument, and any and all other paper work or records relating to the deposits.

### Answers and Objections to No. 36

Wells Fargo objects to this topic because it is vague, overly broad, and unduly burdensome.  Subject to and without waiving its objections, Wells Fargo will produce one or more Deponents to testify in a general and non-specific way concerning such documents, if any, for the period from 2003 through 2004. Because of the expanse of time and because of the breadth and vagueness of the request, no Deponent would be able to be prepared to testify to the specifics or intricacies of any such documents unless you give us notice of particular specifics or intricacies you wish the Deponent to address.  Wells Fargo has produced voluminous documents relating to this topic.  If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning.  Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.

### Discussion of No. 36

See Discussion of No. 34.

## Topic No. 37

The documents (including but not limited to correspondence, Banking Resolutions and account agreements), relating to Plaintiffs' accounts with Defendants and all accounts maintained by JAML or Steve J. Davis with Defendant.

## Answers and Objections to No. 37

Wells Fargo objects to this topic because it calls for a legal conclusion and is overly broad, vague, undefined, unduly burdensome, and in whole or in part not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo and Plaintiffs have produced thousands of documents in this action that arguably relate to Plaintiffs' accounts and/or to accounts maintained by JAML or Steve J. Davis with Wells Fargo. No Deponents can reasonably be expected to prepare to testify about all such documents. If Plaintiffs have identified a particular document with which they would like the Deponent to be familiar, Plaintiffs should particularly identify any such document and any areas of expected questioning. Otherwise, Wells Fargo will object at the deposition on the basis of inadequate notice.

## Discussion of No. 37

Topic 37 requests that a Wells Fargo Deponent be prepared to offer testimony on all documents that relate in any way to the accounts of Plaintiffs, JAML, or Steve J. Davis. This request is plainly overly broad, unduly burdensome and unnecessary. The parties have produced more than 17,000 pages of documents in connection with this litigation. No Deponent can be expected to be prepared to testify on all of these documents. Thus, Wells Fargo seeks an order from this Court protecting Wells Fargo from Plaintiffs' overly broad discovery requests.

In the telephone conference of December 13, Plaintiffs' counsel narrowed topic 37 to include only account agreements, resolutions, and account renewals. Wells Fargo's counsel agreed to produce those documents for the relevant accounts. *See* Schwartz

Affidavit, Exhibit D.  In his letter dated December 20, 2007, it appears that Plaintiffs'
counsel has backed away from his agreement.

Wells Fargo agrees to produce a witness prepared to testify on the account
agreements and account renewals of accounts xxx-4034, xxx-0121, xxx-9652, and xxx-
5813.  To the extent that Plaintiffs seek testimony beyond these documents, Wells Fargo
requests an order of protection until Plaintiffs' particularly identify the documents on
which they would like testimony.

### Topic No. 38

The memoranda, correspondence, files and records relating to Plaintiffs' claims
and Defendant's defenses in this case.

### Answers and Objections to No. 38

Wells Fargo objects to this topic to the extent it includes documents protected
from discovery by the attorney-client privilege, the work product rule, or Fed. R.
Civ. P. 26(c).  Wells Fargo assumes, however, that this topic does not refer to such
documents.  Wells Fargo further objects to this topic because it calls for a legal
conclusion and is overly broad, vague, undefined, unduly burdensome, and in
whole or in part not relevant and not reasonably calculated to lead to the discovery
of admissible evidence.  Wells Fargo and Plaintiffs have produced thousands of
documents in this action.  No Deponents can reasonably be expected to prepare to
testify about all such documents.   If Plaintiffs have identified a particular
document with which they would like the Deponent to be familiar, Plaintiffs
should particularly identify any such document and any areas of expected
questioning.  Otherwise, Wells Fargo will object at the deposition on the basis of
inadequate notice.

### Discussion of No. 38

Topic 38 requests that a Wells Fargo Deponent be prepared to offer testimony on
all documents of any sort that relate to any of the claims and defenses in this action.
Clearly, Plaintiffs' request is overly broad, unduly burdensome and duplicative.

To the extent that Plaintiffs seek testimony on Wells Fargo's defenses in this action, please see Wells Fargo's Discussion of Topics 13-21, and 31.

As for the documents relating to the remaining claims and defenses in this action, the parties have produced more than 17,000 pages of documents in connection with this litigation. Each of these documents produced is arguably related to the claims and defenses in this action. No Deponent can be expected to be prepared to testify on all of these documents. Thus, Wells Fargo seeks an order from this Court protecting Wells Fargo from Plaintiffs' overly broad discovery requests.

In the telephone conference of December 13, Plaintiffs' counsel narrowed topic 38 to require a Wells Fargo Deponent to be prepared to testify on the actions, if any, taken by Wells Fargo in response to Plaintiffs' reports, if any, about Steven J. Davis. Wells Fargo agreed to produce a witness to so testify. In his letter dated December 20, 2007, it appears that Plaintiffs' counsel has backed away from his agreement.

As Wells Fargo has already agreed, it will produce a witness prepared to testify to the remedial actions, if any, taken by Wells Fargo in response to Plaintiffs' reports, if any, regarding Steven J. Davis. To the extent that Plaintiffs seek testimony beyond these documents, Wells Fargo requests an order of protection until Plaintiffs' particularly identify the documents on which they would like testimony.

**Topic No. 40**

Defendant's policies and practices of crediting funds received from borrowers or other obligors to the oldest amounts outstanding with regard to the payment of loans or other obligations owed to Defendant.

**Answers and Objections to No. 40**

Wells Fargo objects to this topic because it is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, argumentative, and unduly burdensome.

### Discussion of No. 40

In topic 40, Plaintiffs seek information relating to Wells Fargo's practices regarding application of funds on Wells Fargo loan accounts. There can be no genuine dispute that topic 40 is wholly irrelevant under any standard. It is undisputed that this litigation does not involve a single Wells Fargo loan account. Every account at issue in this litigation is a checking account which does not involve repayment of funds. None of the claims or defenses in this litigation involve Wells Fargo's application of funds. Thus, speculation on how Wells Fargo would apply payments to debt in the context of a loan is not relevant, is not calculated to lead to the discovery of admissible evidence, and should not be permitted.

### Topic No. 41

All subjects identified in Wells Fargo Bank's Notice of Taking Deposition of Berkley Risk Administrators Company, LLC, dated September 27, 2007.

### Answers and Objections to No. 41

Wells Fargo objects to this topic because it is harassing and inappropriate for a Rule 30(b)(6) deposition. Wells Fargo's notice of taking deposition is directed virtually entirely to matters within the knowledge of Plaintiffs, not Wells Fargo. Subject to and without waiving its objections, Wells Fargo states further as follows. See the foregoing responses.

### Discussion of No. 41

It should go without saying that Plaintiffs' topic 41 is overly broad, unduly burdensome, and is in flagrant disregard of Rule 30(b)(6)'s particularity requirement. Plaintiffs have not bothered to particularly set forth the topic areas on which they seek

testimony.   Indeed, most, if not all of the topic areas identified in Wells Fargo's Deposition Notice to Plaintiffs are within the unique sphere of knowledge of Plaintiffs. *See* Wells Fargo's Notice of Taking Deposition Pursuant to Rule 30(b)(6), a copy of which is attached as Exhibit F to the Schwartz Affidavit.  Wells Fargo asks this Court to issue a protective order eliminating Wells Fargo's burden to testify on topic 41.

## III.        CONCLUSION.

For the foregoing reasons, Wells Fargo respectfully requests that this Court issue a protective order limiting the scope of Plaintiffs' 30(b)(6) Notice to Wells Fargo.


Dated:    December 26, 2007            s/ Amy L. Schwartz_____
                                       Richard T. Thomson (#109538)
                                       Amy L. Schwartz (#0339350)
                                       Attorneys for Defendant Wells Fargo Bank, N.A.
                                       Lapp,  Libra,  Thomson,  Stoebner  &  Pusch,
                                       Chartered
                                       One Financial Plaza, Suite 2500
                                       120 South Sixth Street
                                       Minneapolis, MN  55402
                                       Telephone:  (612) 338-5815
                                       Fax:  (612) 338-6651
                                       aschwartz@lapplibra.com